NICKELL, JUDGE:
Ashley Curty appeals from Jefferson Circuit Court orders denying her motion to compel production of her medical records; granting summary judgment on two occasions in favor of her former employer Norton Healthcare, Inc. (Norton); and denying her motion to reconsider, alter, amend or vacate the award of summary judgment. After careful review, discerning no error, we affirm.
Curty was employed by Norton as a medical assistant for less than a year. She knew Norton's attendance policy was based on a point system. Pursuant to the attendance policy, when employees are absent, tardy, or leave their shift early they are assessed points. Once an employee accrues ten points in a twelve-month period, employment is terminated. Curty alleges on July 15, 2015, while working for Norton, she experienced a "stroke-like" episode and sought medical treatment in her employer's Emergency Room (ER) without notifying her supervisor. She claims an unidentified physician at the ER ordered her not to return to work for two days; however, those claims are not only unsupported, but contradicted by Curty's deposition, indicating she reported to work on both July 16 and 17, 2015. Also, on July 17, 2015, Curty's direct supervisor became aware Curty had accrued eleven and a half points under the attendance policy. Curty's employment was terminated for excessive absenteeism.
Curty filed the instant suit on July 22, 2015, alleging claims of retaliation and unlawful discharge in violation of the Kentucky Civil Rights Act (KCRA),[1] disability discrimination, and Workers' Compensation Act retaliation.[2] Curty propounded written discovery to which Norton responded in September 2015. Curty's medical records were neither requested in her written discovery nor did Norton provide Curty's medical records as part of its responses.
Following Curty's deposition, Norton moved for summary judgment on April 14, 2016, to which Curty responded. On July 27, 2016, Curty moved to stay the trial court's ruling pending completion of discovery, alleging summary judgment should not be granted until she obtained her medical records. Curty claimed Norton should have produced her medical records in its discovery responses, although she had not previously advised Norton or the trial court Norton's responses were deficient.
On August 1, 2016, Curty emailed Norton she had computer records of her ER visit on July 15, 2015, and requested "any additional documents Norton has in its possession regarding the [sic] Ms. Curty's claims." Via email, on August 10, 2016, Curty generally requested "all documents that relate to the allegations in the complaint." On August 16, 2016, Curty moved to compel production of her medical records, specifically those relating to the July 15, 2015, incident. On August 22, 2016, Norton informed Curty how to obtain her medical records online, by phone, or by mail.
On September 30, 2016, the trial court partially granted Norton's motion for summary judgment, dismissed Curty's retaliation claims and her claim of failure to accommodate her alleged disability, but declined to grant summary judgment on Curty's disability discrimination claim. On December 5, 2016, the trial court denied Curty's motion to compel as premature, *377 determining she had not attempted to obtain her medical records through methods available to her under CR 3 26.01. The trial court further noted Curty's medical records "are otherwise readily available to her."
On April 27, 2017, nearly two years after Curty had filed suit, Norton again moved for summary judgment on the remaining claims. The trial court granted summary judgment on the renewed motion finding the record compelled the conclusion Curty is not "disabled" as defined under the KCRA and there is no evidence Norton's decision makers perceived Curty as disabled. Curty moved to reconsider, alter, amend, or vacate the trial court's grant of summary judgment but was denied. This appeal followed.
As an initial matter, in contravention of CR 76.12(4)(c)(v), Curty does not adequately state how she preserved any of her arguments in the trial court.
CR 76.12(4)(c) [ (v) ] in providing that an appellate brief's contents must contain at the beginning of each argument a reference to the record showing whether the issue was preserved for review and in what manner emphasizes the importance of the firmly established rule that the trial court should first be given the opportunity to rule on questions before they are available for appellate review. It is only to avert a manifest injustice that this court will entertain an argument not presented to the trial court. (citations omitted).
Elwell v. Stone , 799 S.W.2d 46, 48 (Ky. App. 1990) (quoting Massie v. Persson , 729 S.W.2d 448, 452 (Ky. App. 1987) ). We require a statement of preservation:
so that we, the reviewing Court, can be confident the issue was properly presented to the trial court and therefore, is appropriate for our consideration. It also has a bearing on whether we employ the recognized standard of review, or in the case of an unpreserved error, whether palpable error review is being requested and may be granted.
Oakley v. Oakley , 391 S.W.3d 377, 380 (Ky. App. 2012). Curty's brief merely states-at the end of her argument instead of the beginning as required by the rule-her argument was preserved in her responses to the two motions for summary judgment and in her motion to reconsider, alter, amend or vacate with a citation to an eighty-four-page range of the record. Curty failed to explain how, or precisely where, she preserved her argument. Significantly, she says she made a specific request, but cites none conforming to CR 26 or otherwise asking Norton to produce her medical records. Nor has she cited refusal by Norton to fulfill such a request. Curty's lackluster attempt at a statement of preservation has no meaningful value, being woefully deficient and noncompliant in multiple ways.
Further, in contravention of CR 76.12(4)(c)(iv) and (v), which require ample references to the trial court record supporting each argument, Curty's brief contains only four references to the record in her argument section. Each reference is virtually the same, including the same eighty-four-page range cited in her statement of preservation. Curty even used the same eighty-four-page reference as the citation for a block quote within her argument. This is unacceptable and simply does not constitute ample or adequate citation to the record.
Additionally, in contravention of CR 76.12(4)(c)(vii), the index to the appendix to Curty's brief does not set forth where the documents included may be found in the record, nor do the orders being challenged *378 appear immediately after the appendix list. The purpose of these two provisions is to prevent the court from having to scour the record, which in this case consisted of five volumes, to fill in the blanks for practicing attorneys; to ensure the orders are readily available to the court; and, to ensure only documents and materials "included in the record"-other than items not subject to judicial review-are provided as exhibits.
Failing to comply with the civil rules is an unnecessary risk the appellate advocate should not chance. Compliance with CR 76.12 is mandatory. See Hallis v. Hallis, 328 S.W.3d 694, 696 (Ky. App. 2010). Although noncompliance with CR 76.12 is not automatically fatal, we would be well within our discretion to strike Curty's brief or dismiss her appeal for her attorney's failure to comply. Elwell . While we have chosen not to impose such a harsh sanction, we strongly suggest counsel familiarize himself with the rules of appellate practice and caution counsel such latitude may not be extended in the future.
Curty's argument presented on appeal is the trial court erred in not allowing her to access her medical records. She alleges this was the result of denial of her motion to compel production of those records. We review denial of such a motion, as an evidentiary matter within the trial court's discretion. We will reverse only for an abuse of discretion. The trial court abuses its discretion when its decision is "arbitrary, unreasonable, unfair, or unsupported by sound legal principles." Commonwealth v. English , 993 S.W.2d 941, 945 (Ky. 1999) (citations omitted).
Curty's assertion of trial court error in declining to compel production of her medical records is unsupported by the record. To the contrary, the record supports the trial court's finding: "Curty has not attempted to obtain the documents in question through any of the various methods available to her pursuant to CR 26.01."
"A court order is generally appropriate only upon the failure of a party or witness to comply with a proper discovery request. CR 37.01(b)(i)." Metro. Prop. & Cas. Ins. Co. v. Overstreet , 103 S.W.3d 31, 45 (Ky. 2003). This first requires a discovery request be made and, second, the discovery request be denied. Review of the written discovery requests propounded in this action, as well as the email communication between parties' counsel demonstrates Curty failed to specifically request her medical records from Norton. The record further demonstrates Curty was able to obtain at least a portion of her medical records online. She suggests other records exist but has failed to identify what she expected Norton to provide. No proper discovery request having been made, and there being no showing Norton refused or failed to comply, the trial court did not err in denying Curty's motion to compel Norton to produce her medical records.
We further note Curty's medical records are largely irrelevant to her causes of action, although she claims denial of access to her records makes the grant of summary judgment "fatally flawed." Considering the record as developed, there is nothing in Curty's medical records which could create genuine issues of material fact sufficient to preclude summary judgment. Nor can Curty's argument she does not have her medical records provide the basis to allow her to claim discovery is somehow not substantially complete to avoid the summary judgments against her when she has had ample opportunity-nearly two years-to obtain such records. "A summary judgment is only proper after a party has been given ample opportunity to complete discovery, and then fails to offer controverting evidence."
*379 Pendleton Bros. Vending, Inc. v. Com. Fin. & Admin. Cabinet , 758 S.W.2d 24, 29 (Ky. 1988) (citing Hartford Ins. Group v. Citizens Fidelity Bank & Trust Co. , 579 S.W.2d 628 (Ky. App. 1979) ). Curty had ample opportunity to obtain her medical records in the years since filing suit.
Curty baldly asserts the trial court's denial of her motion to compel production of her medical records, couched in terms of depriving her of her right to receive the same, somehow rendered the trial court's subsequent grants of summary judgment "fatally flawed." Curty alleges this denial constitutes abuse of discretion and "the only remedy available for this court; [sic] is to vacate both orders granting summary judgment." She neither adequately explains nor supports these assertions. We will not search the record to construct Curty's argument for her, nor will we go on a fishing expedition to find support for her underdeveloped arguments. "Even when briefs have been filed, a reviewing court will generally confine itself to errors pointed out in the briefs and will not search the record for errors." Milby v. Mears , 580 S.W.2d 724, 727 (Ky. App. 1979).
Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, stipulations, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." CR 56.03. An appellate court's role in reviewing an award of summary judgment is to determine whether the trial court erred in finding no genuine issue of material fact exists and the moving party was entitled to judgment as a matter of law. Scifres v. Kraft , 916 S.W.2d 779, 781 (Ky. App. 1996). A grant of summary judgment is reviewed de novo because factual findings are not at issue. Pinkston v. Audubon Area Community Services, Inc. , 210 S.W.3d 188, 189 (Ky. App. 2006) (citing Blevins v. Moran , 12 S.W.3d 698, 700 (Ky. App. 2000) ).
On careful review, it is clear there are no genuine issues of material fact and the trial court properly granted summary judgment-twice. Curty's retaliation claims fail because Curty admits she did not engage in the requisite protected activity under either the KCRA or the Workers' Compensation Act. Curty's disability discrimination claims fail because neither is she disabled, nor did Norton's decision makers perceive her as being disabled. Norton had legitimate nondiscriminatory and nonretaliatory reasons for firing Curty-excessive absenteeism in violation of Norton's attendance policy.
For the foregoing reasons, the orders of the Jefferson Circuit Court are AFFIRMED.
ALL CONCUR.

Kentucky Revised Statutes (KRS) 344.280, et seq.

KRS 342.197.