RENDERED:  OCTOBER 23, 2020; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2019-CA-0730-MR

DAVID KEITH WIMBERLY                                                   APPELLANT

APPEAL FROM JEFFERSON CIRCUIT COURT
v.        HONORABLE AUDRA J. ECKERLE, JUDGE
ACTION NO. 17-CI-402375

PARK COMMUNITY CREDIT
UNION, INC.                                                                    APPELLEE

OPINION
AFFIRMING

** ** ** ** **

BEFORE:  CLAYTON, CHIEF JUDGE; KRAMER AND MCNEILL, JUDGES.

KRAMER, JUDGE:  David Keith Wimberly appeals an order of the Jefferson

Circuit Court granting summary judgment to Park Community Credit Union, Inc.

("Park") in a foreclosure action against real property Wimberly recently inherited

from his deceased mother.  Upon careful review, we affirm.

Wimberly's mother executed a promissory note dated June 9, 2003,

secured by a mortgage on the real property at issue herein.  The note was for a term

of fifteen (15) years, with the final payment due in June 2018. Ms. Wimberly died in February 2017. The real property at issue was left to Wimberly under the provisions of her last will and testament. The last mortgage payment that was made to Park was in July 2017. Park filed the foreclosure action on the subject property on December 27, 2017.[1] Email correspondence between Park and Wimberly's attorney shows that, in February 2018, Wimberly was advised he could pay $5,601.00 to Park to halt the foreclosure. At the same time, he was advised that he must also complete an application to assume the debt on the loan. In the alternative, Wimberly was instructed that he could pay $8,228.12 through February 15, 2018, to pay off the loan entirely; but after that date, additional legal fees would accrue.

On or about February 12, 2018, Wimberly sent a check for $5,601.00 to Park, but he did not complete the application to assume the remainder of the debt. Park applied $2,500.00 of that amount towards legal fees and $3,101.00 to payment arrearages on the loan (seven months at $443.00 per month). The record before us shows that in April 2018, there was additional correspondence between Park and Wimberly's attorney. Park pointed out that Wimberly did not submit an

---

[1] In the complaint, Park requested "[j]udgment in the amount of $5683.42 plus interest thereon from December 18, 2017, at the note rate plus late charges, plus any sums paid for insurance premiums, taxes and assessments, other levies constituting liens, and sums which may be necessary for preservation of the property pursuant to [Kentucky Revised Statute] KRS 426.525, plus interest on said sums at [Park's] note rate from date of payment by [Park]." The interest rate on the note was 4.990%.

application to reinstate the loan and assume the debt and that no additional payments had been made since February 2018. Park also stated that additional legal fees had accrued. Park emphasized that if Wimberly still wished to assume the debt, he needed to make monthly payments for March and April 2018 in the amount of $886.00 and submit the required application. Wimberly mailed a check for $84.00 to Park on or about April 18, 2018. He again failed to submit the application to assume the debt, and no further payments have been made.

Park motioned the circuit court for summary judgment and an award of attorney's fees. In response, Wimberly filed objections. He also motioned the circuit court to compel Park to release the mortgage and to dismiss himself from the action. The Master Commissioner conducted a hearing in November 2018 and filed a report with the circuit court in February 2019. Wimberly filed exceptions to the report. The circuit court entered an order granting summary judgment to Park, overruling Wimberly's objections, and denying his motions to reinstate the mortgage and to dismiss him from the case. On May 2, 2019, the circuit court entered a judgment and order of sale of the property.[2] This appeal followed.

Wimberly makes four arguments on appeal: (1) Park failed to properly apply his payments to the principal and interest as required by Kentucky law; (2) KRS 411.195 is inapplicable to him; (3) Park cannot prove a debt

---

[2] This order was later amended by order entered October 1, 2019.

-3-

obligation for attorney's fees; and (4) Wimberly paid the mortgage debt in full, which cured the default on the loan, and, therefore, no further attorney's fees could be pursued.

At the outset, we note that Wimberly's brief is noncompliant in two substantive ways. In contravention of CR[3] 76.12(4)(c)(v), he does not have a preservation statement at the beginning of each argument. While his first argument contains three citations to the record, these citations in no way demonstrate where his arguments are preserved. His remaining arguments contain no citations to the record whatsoever. CR 76.12(4)(c)(iv) and (v) require ample references to the record and citation to authority supporting *each* argument. It is not the responsibility of this Court to search the record to find support for Wimberly's contentions, assuming it exists. *Smith v. Smith*, 235 S.W.3d 1, 5 (Ky. App. 2006).

The Court recently addressed these issues in *Curty v. Norton Healthcare, Inc.*, 561 S.W.3d 374 (Ky. App. 2018). Given the length at which the Court in *Curty* urged compliance with CR 76.12(4)(c), we quote the rationale for the rule and the Court's warnings that leniency should not be presumed.

> CR 76.12(4)(c)[(v)] in providing that an appellate brief's contents must contain at the beginning of each argument a reference to the record showing whether the issue was preserved for review and in what manner

---

[3] Kentucky Rule of Civil Procedure.

> emphasizes the importance of the firmly established rule that the trial court should first be given the opportunity to rule on questions before they are available for appellate review. It is only to avert a manifest injustice that this court will entertain an argument not presented to the trial court. (citations omitted).

*Elwell v. Stone*, 799 S.W.2d 46, 48 (Ky. App. 1990) (quoting *Massie v. Persson*, 729 S.W.2d 448, 452 (Ky. App. 1987)). We require a statement of preservation:

> so that we, the reviewing Court, can be confident the issue was properly presented to the trial court and therefore, is appropriate for our consideration. It also has a bearing on whether we employ the recognized standard of review, or in the case of an unpreserved error, whether palpable error review is being requested and may be granted.

*Oakley v. Oakley*, 391 S.W.3d 377, 380 (Ky. App. 2012).

. . .

**Failing to comply with the civil rules is an unnecessary risk the appellate advocate should not chance**. Compliance with CR 76.12 is mandatory. *See Hallis v. Hallis*, 328 S.W.3d 694, 696 (Ky. App. 2010). Although noncompliance with CR 76.12 is not automatically fatal, we would be well within our discretion to strike Curty's brief or dismiss her appeal for her attorney's failure to comply. *Elwell*. While we have chosen not to impose such a harsh sanction, we strongly suggest counsel familiarize himself with the rules of appellate practice and caution counsel such latitude may not be extended in the future.

*Curty*, 561 S.W.3d at 377-78 (emphasis added).

Two years have passed since the *Curty* opinion, and the brief deficiencies have not greatly declined. In June of this year, our Court noted as follows:

> This Court is weary of the need to render opinions such as this one, necessitated as they are by the failure of appellate advocates to follow rules of appellate advocacy. In just the last two years, at least one hundred and one (101) Kentucky appellate opinions were rendered in which an attorney's carelessness made appellate rule violations an issue in his or her client's case. The prodigious number of attorneys appearing in Kentucky's appellate courts lacking the skill, will, or interest in following procedural rules is growing. In 2005, only two (2) Kentucky opinions addressed appellate rules violations. In 2010, the number jumped to eleven (11). In 2015, the number rose slightly to fourteen (14). The average for the last two years is more than three times that. If this is not a crisis yet, it soon will be if trends do not reverse.
>
> We will not reiterate all that has been said too many times before on this subject. If a lawyer is curious about the importance of these procedural rules or the practical reasons for following them, we recommend reading these opinions in chronological order: *Commonwealth v. Roth*, 567 S.W.3d 591 (Ky. 2019); *Koester v. Koester*, 569 S.W.3d 412 (Ky. App. 2019); *Hallis v. Hallis*, 328 S.W.3d 694 (Ky. App. 2010); *Elwell v. Stone*, 799 S.W.2d 46 (Ky. App. 1990).

*Clark v. Workman*, 604 S.W.3d 616, 616-18 (Ky. App. 2020).

Our options when an appellate advocate fails to abide by the rules are: (1) to ignore the deficiency and proceed with the review; (2) to strike the brief or

its offending portions, CR 76.12(8)(a); or (3) to review the issues raised in the brief for manifest injustice only.  *Hallis*, 328 S.W.3d at 696 (citing *Elwell*, 799 S.W.2d at 47).  We note that Wimberly's attorney has received at least one prior warning from this Court regarding non-compliance with CR 76.12.  He represented Charles and Lori Nunn, appellants in a foreclosure action, on appeal.  At that time, the presiding judge of the current panel ruled that

> [p]ursuant to CR 76.12(4)(c)(iii) and (v), the Nunns were required to raise all issues by supporting their contentions of error with arguments, which are to be supported by ample citations to case law and the record.  Here, the Nunns have not made any arguments regarding the three remaining "issues."  Because the remaining portion of the Nunns' brief does not comply with the requirements of CR 76.12(4)(c)(iii) and (v), we will not consider them.

*Nunn v. Federal National Mortgage Association*, No. 2019-CA-000054-MR, 2019 WL 6650520, at *4 (Ky. App. Dec. 6, 2019).

As the caselaw has made perfectly clear, we would be well within our discretion in the present case to strike Wimberly's brief as a sanction for failure to comply with CR 76.12.  But, the difficulty in this case (and others) is that clients are the ones who are sanctioned by striking the brief and dismissing the appeal.  On the other hand, as examined *supra*, the Court is continually in the position of reminding attorneys about deficiencies in briefs and stating that counsel may not be so lucky the proverbial "next time."  Here, counsel has been cautioned previously about appellate rule compliance, and we believe we have reached the

-7-

proverbial *next time*.   Given __only__ because the record is not substantially voluminous, we will engage in a review of the matter to determine whether any manifest injustice exists, as to not too severely sanction Appellant for the failings of counsel.  Upon review, we discern no manifest injustice in the circuit court's decision.

The record before us shows that Wimberly paid $5,601.00 to Park to halt the foreclosure.  Park applied $3,101.00 of this payment to each of seven monthly payments due at the time and applied the remaining $2,500.00 to legal fees and costs.  Because Wimberly failed to fully pay off the loan or submit an application to assume the remaining debt, more monthly payments were missed, and interest and fees continued to accumulate.  Park also continued to accumulate legal fees to pursue the foreclosure action.  We discern no manifest injustice.

We likewise discern no manifest injustice in Wimberly's second argument that KRS 411.195 does not apply to him because he did not sign the note or mortgage.  KRS 411.195 states:

> Any provisions in a writing which create a debt, or create a lien on real property, requiring the debtor, obligor, lienor or mortgagor to pay reasonable attorney fees incurred by the creditor, obligee or lienholder in the event of default, shall be enforceable, provided, however, such fees shall only be allowed to the extent actually paid or agreed to be paid, and shall not be allowed to a salaried employee of such creditor, obligor or lienholder.

-8-

Park's mortgage lien was unaffected by the death of Wimberly's mother.[4] Wimberly argues that KRS 411.195 is not applicable to *him*, but his argument misses the mark. The circuit court entered an *in rem* judgment against the mortgaged property, *not* a personal judgment against Wimberly ("[A] proceeding strictly in rem is one against the thing itself with no cognizance taken of its owner or persons having a beneficial interest in it[.]" *Combs v. Combs*, 249 Ky. 155, 60 S.W.2d 368, 370 (1933)). Moreover, we agree with Park's argument that attorney's fees may be recovered in an action against the collateral if there is no provision in the written loan documents for personal liability. *See Kane v. Citizens Fidelity Bank and Tr. Co.*, 668 S.W.2d 564, 567 (Ky. App. 1984). We discern no manifest injustice.

Wimberly next argues that Park did not prove it was entitled to attorney's fees. There was an outstanding mortgage on the property when Wimberly's mother passed away. Although the scanned copy of the original note provided by Park was missing the provision related to attorney's fees, the terms of the note were also set forth in the mortgage, which Park provided. Because the note was on a standard form used by Park, a redacted copy of the same standard form was provided to the circuit court, along with an affidavit from a mortgage

---

[4] *See* KRS 396.011.

specialist at Park who stated that the note at issue was the same standard form.[5]

Park also submitted a detailed accounting of its attorney's fees to the circuit court.

Accordingly, Park established both that it was owed attorney's fees and that it was

entitled to pursue collection of said fees in the enforcement of its lien against the

property. We again discern no manifest injustice.

Finally, we are unpersuaded by Wimberly's argument that he paid the

debt in full. The record before us shows that Wimberly had an opportunity to

either reinstate the loan or pay it off in full. Wimberly did neither of those things.

The payoff amount included interest, fees, and costs associated with Park's filing

of the foreclosure and as stated in its complaint. Although Wimberly paid the

amount demanded by Park to reinstate the loan, he failed to submit the required

application to assume the debt and continued to fight the foreclosure action. This

resulted in more months that the loan was in default and even greater attorney's

---

[5] *See* Kentucky Rule of Evidence (KRE) 1004(1)-(2) which states:

> The original is not required, and other evidence of the contents of a
> writing, recording, or photograph is admissible if:
>
> (1) Originals lost or destroyed. All originals are lost or have been
>     destroyed, unless the proponent lost or destroyed them in bad
>     faith;
>
> (2) Original not obtainable. No original can be obtained by any
>     available judicial process or procedure[.]

fees to Park, which it is entitled to collect in an *in rem* judgment pursuant to the terms of the note and mortgage and KRS 411.195.

Accordingly, we discern no manifest injustice and AFFIRM the Jefferson Circuit Court.

ALL CONCUR.

BRIEFS FOR APPELLANT:

Marque Carey
Louisville, Kentucky

BRIEF FOR APPELLEE:

Helene Gordon Williams
Louisville, Kentucky