RENDERED: NOVEMBER 6, 2020; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2020-CA-0215-MR

GREG RENFROW                                                          APPELLANT

APPEAL FROM BUTLER CIRCUIT COURT
v.       HONORABLE TIMOTHY R. COLEMAN, JUDGE
ACTION NO. 18-CR-00088

COMMONWEALTH OF KENTUCKY                                    APPELLEE

AND                         NO. 2020-CA-0216-MR

GREG RENFROW                                                          APPELLANT

APPEAL FROM BUTLER CIRCUIT COURT
v.       HONORABLE TIMOTHY R. COLEMAN, JUDGE
ACTION NO. 18-CR-00145

COMMONWEALTH OF KENTUCKY                                    APPELLEE

OPINION
AFFIRMING

** ** ** ** **

BEFORE: CALDWELL, KRAMER, AND MAZE, JUDGES.

KRAMER, JUDGE: Greg Renfrow appeals from a judgment of the Butler Circuit Court denying his motion to withdraw his guilty plea. Having reviewed the arguments of the parties, the record, and the applicable law, we discern no reversible error and affirm.

Renfrow was indicted by a grand jury in July 2018. The indictment contained ten counts of sexual abuse in the first degree, victim under twelve (12) years of age.[1] There was a single victim, C.M., and the events were alleged to have taken place between October 1, 2013 through December 31, 2013.[2] A public defender was appointed to represent Renfrow in the proceedings. The trial court held several pretrial hearings, and a trial was scheduled for February 20, 2019. In December 2018, Renfrow was indicted by a grand jury on ten additional counts of sexual abuse in the first degree, victim under twelve (12) years of age. The victim

[1] *See* Kentucky Revised Statute (KRS) 510.110.

[2] Butler County Case No. 18-CR-00088.

in that indictment was identified as D.H., and the events were alleged to have taken place between January 1, 2017 through July 1, 2018.[3]

On February 4, 2019, Renfrow entered a guilty plea in both cases. In exchange for his plea, the Commonwealth dismissed all but two counts against Renfrow. He received three years' incarceration in Butler County Case No. 18-CR-00088, to run consecutively with two years' incarceration in Butler County Case No. 18-CR-00145, for a total of five years' incarceration. Renfrow was also ordered to complete the sex offender treatment program; is subject to a period of five years conditional discharge upon release from incarceration; and will be a lifetime registered sex offender.

The trial court set Renfrow's sentencing date for May 14, 2019. On May 13, 2019, Renfrow filed a motion to withdraw his guilty plea. The motion was filed by new, private counsel. The following day, the trial court first heard Renfrow's motion to withdraw his guilty plea. Upon immediate denial, the trial court sentenced Renfrow as scheduled and pursuant to the terms of the plea agreement. Ten days later, Renfrow filed a motion to reconsider and a motion to vacate the final judgment and sentencing. The trial court denied the motions. These appeals followed.

---

[3] Butler County Case No. 18-CR-00145.

Renfrow makes two arguments on appeal. He argues that the trial court erred by not allowing him to withdraw his plea because (1) the plea was involuntary; and (2) the trial court's decision was unreasonable and unfair in light of the circumstances. We disagree.

We begin by noting that Renfrow's brief is deficient. In contravention of CR[4] 76.12(4)(c)(v), he does not have a preservation statement at the beginning of each argument. While his arguments contain scant citations to the record, these citations in no way demonstrate where his arguments are preserved. CR 76.12(4)(c)(iv) and (v) require ample references to the record and citation to authority supporting *each* argument. It is not the responsibility of this Court to search the record to find support for Renfrow's contentions, assuming it exists. *Smith v. Smith*, 235 S.W.3d 1 (Ky. App. 2006).

Leniency should not be presumed when a party before this Court fails to follow the rules. *Curty v. Norton Healthcare, Inc.*, 561 S.W.3d 374, 377-78 (Ky. App. 2018). Indeed,

> **[f]ailing to comply with the civil rules is an unnecessary risk the appellate advocate should not chance**. Compliance with CR 76.12 is mandatory. *See Hallis v. Hallis*, 328 S.W.3d 694, 696 (Ky. App. 2010). Although noncompliance with CR 76.12 is not automatically fatal, we would be well within our discretion to strike Curty's brief or dismiss her appeal for

---

[4] Kentucky Rule of Civil Procedure.

-4-

her attorney's failure to comply. *Elwell*. While we have chosen not to impose such a harsh sanction, we strongly suggest counsel familiarize himself with the rules of appellate practice and caution counsel such latitude may not be extended in the future.

*Id.* at 378.[5]

"Our options when an appellate advocate fails to abide by the rules are: (1) to ignore the deficiency and proceed with the review; (2) to strike the brief or its offending portions, CR 76.12(8)(a); or (3) to review the issues raised in the brief for manifest injustice only." *Hallis*, 328 S.W.3d at 696 (citing *Elwell v. Stone*, 799 S.W.2d 46, 47 (Ky. App. 1990)). Given *only* because the record before us is not voluminous, we proceed with review.[6]

"We review a trial court's finding regarding voluntariness for clear error, *i.e.*, whether the determination was supported by substantial evidence, and we review a trial court's ruling on a motion to withdraw for abuse of discretion, *i.e.*, whether it was arbitrary, unreasonable, unfair, or unsupported by sound legal principles." *Porter v. Commonwealth*, 394 S.W.3d 382, 386 (Ky. 2011).

---

[5] *See also Clark v. Workman*, 604 S.W.3d 616, 616-18 (Ky. App. 2020).

[6] We also note that this appears to be the first time Renfrow's counsel has been warned about noncompliance with the Kentucky Rules of Civil Procedure by this Court.

Renfrow argues his plea was involuntary because it was "coerced by counsel and was the product of ineffective assistance of counsel."[7] Renfrow blames an overworked Department of Public Advocacy and broadly argues that public defenders enter into plea negotiations because they are unwilling to take the Commonwealth to trial, as was the case in the instant action. He points to his former attorney's statement at a pretrial conference in November 2018. At that time, Renfrow's attorney stated that this was a "he said she said case without any physical evidence or medical proof." Counsel also stated, "I really think this one needs to go to trial, the proof warrants that[.]" Renfrow's argument is unpersuasive.

When those statements were made by Renfrow's former attorney, Renfrow had been indicted on ten counts of sexual abuse, first degree. However, approximately one month later, he was indicted on ten more counts of the same offense, but with a different minor victim. It is unknown to this Court what evidence the Commonwealth had regarding the second indictment, but the alleged events took place much more recently in time than the events in the previous indictment. If found guilty on all counts in both indictments, Renfrow was facing a maximum of twenty years' incarceration.

---

[7] *See* Appellant's brief, page 10.

Renfrow's prior counsel addressed the trial court at the hearing on the motion to withdraw the guilty plea regarding his advice to Renfrow prior to entry of the plea.[8] He denied coercion and stated that the only duress he witnessed from Renfrow was tied to the circumstances of being incarcerated. Renfrow's new counsel did not call Renfrow or any other witnesses to testify, and the motion to withdraw the guilty plea was not accompanied by an affidavit from Renfrow.

"The validity of a guilty plea must be determined not from specific key words uttered at the time the plea was taken, but from considering the totality of circumstances surrounding the plea. These circumstances include the accused's demeanor, background and experience, and whether the record reveals that the plea was voluntarily made. The trial court is in the best position to determine if there was any . . . involuntariness . . . to plead guilty. Solemn declarations in open court carry a strong presumption of verity." *Centers v. Commonwealth*, 799 S.W.2d 51, 54 (Ky. App. 1990) (citations omitted).

The trial court properly considered the totality of circumstances surrounding Renfrow's plea. Before entering his plea, the trial court ascertained that Renfrow understood the charges. Renfrow affirmed that he had read both the

---

[8] "[W]aiver of the lawyer/client privilege is implied and automatic '[w]here a client testifies against the attorney, as where a defendant testifies adversely to his attorney's competence or alleges attorney misconduct[.]'" *Rodriguez v. Commonwealth*, 87 S.W.3d 8, 11 (Ky. 2002) (citation omitted).

motion to enter a guilty plea and the Commonwealth's offer, that he understood them, and that he signed each document voluntarily. He stated that he had discussed the case with his attorney, had reviewed the Commonwealth's evidence, and was fully informed about the facts in each case. Renfrow stated that he was satisfied with the advice of his counsel and did not need any additional time to speak to him. Renfrow's attorney acknowledged that he had advised Renfrow of his rights; that he believed Renfrow understood the nature of the proceedings; and that Renfrow was entering the plea of his own free will, but with the advice of counsel. Renfrow affirmed his understanding that he was giving up his constitutional rights to a jury trial, to confront and cross-examine witnesses, his constitutional protection against self-incrimination, and his right to appeal the conviction. Renfrow testified that he was entering the plea because he committed the acts as charged in the indictments and that he was pleading guilty of his own free will because he was guilty and for no other reason. Although he now argues that he was visibly reluctant to enter his plea, that argument is not supported by the record. Further, when asked by the trial court, Renfrow's current counsel admitted that he had not watched the plea colloquy as of the date of the hearing on the motion to withdraw the plea. The trial court did not err in its determination that Renfrow's plea was entered voluntarily.

Renfrow's second argument has two parts. First, he argues changes in his medication to treat his diabetes had occurred in the days leading up to the entry of his guilty plea. Renfrow attempts to argue, as he did to the trial court on May 14, 2019, that on the date of his plea, he was "sluggish, confused, and didn't understand what was going on."[9] This is also completely refuted by the record before us. Renfrow's behavior and demeanor upon entering his guilty plea simply were not as he now attempts to characterize them. Moreover, in addition to testifying that he understood the proceedings, Renfrow testified that his judgment was not impaired in any way when he entered his plea. We discern no error.

Renfrow also points to an affidavit from his ex-wife, Amber McKinney, filed with the trial court on May 24, 2019. The affidavit states that she "watched [minor victim's mother] coach her son to accuse Greg Renfro [sic], during the time she was staying at my house." He argues that this testimony would likely result in a not-guilty verdict. We are unpersuaded. Renfrow did not attempt to elicit testimony from Ms. McKinney during the hearing, and the sworn statement in her affidavit is vague and contains no dates or other specific information. Nor did Renfrow seek a more extensive evidentiary hearing on the motion.

---

[9] *See* hearing on May 14, 2019, beginning at 1:39:50.

The trial court's decision to deny Renfrow's motion to withdraw his guilty plea was reasonable, fair, and supported by sound legal principles. The court was understandably suspicious that Renfrow filed the motion just one day before he would be sentenced to five years' incarceration and over three months since he had entered his guilty plea. Renfrow was afforded a hearing on his motion to withdraw his plea, and the trial court listened to arguments from Renfrow, the Commonwealth, and Renfrow's former attorney. Considering the totality of circumstances surrounding the entry of Renfrow's plea, the trial court did not abuse its discretion in denying his motion to withdraw the plea.

Accordingly, we AFFIRM the Butler Circuit Court.

ALL CONCUR.

BRIEFS FOR APPELLANT:

Jason C. Hays
Bowling Green, Kentucky

BRIEF FOR APPELLEE:

Daniel Cameron
Attorney General of Kentucky

Aspen Roberts
Assistant Attorney General
Frankfort, Kentucky