RENDERED:  APRIL 2, 2021; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2019-CA-1745-MR

KRISTOPHER SUTHERLAND                               APPELLANT


                     APPEAL FROM HARDIN CIRCUIT COURT
v.                HONORABLE PAMELA ADDINGTON, JUDGE
                         ACTION NO. 16-CI-01584


KAYLA HAGER                                                APPELLEE


OPINION
AFFIRMING

** ** ** ** **

BEFORE:  GOODWINE, KRAMER, AND MAZE, JUDGES.

KRAMER, JUDGE:  Kristopher Sutherland ("Father") appeals from an order of the Hardin Circuit Court, Family Division IV, which reduced his parenting time with his minor child ("Child") as a result of a motion by Child's mother, Kayla Hager ("Mother").[1]  Upon review, we affirm.

---

[1] The family court also found that Father was in contempt for violation of a restraining order preventing contact between Child and Father's paramour.  The court also extended said restraining order until August 22, 2021.  Father does not appeal those portions of the order.

Father and Mother exercised shared parenting time with Child. However, in December 2018, Mother filed a motion seeking to reduce Father's parenting time, asserting that (1) he was seldom with Child during his parenting time, instead leaving Child with her paternal grandmother; and (2) despite a restraining order preventing contact between Child and Father's paramour due to domestic violence, Father allowed contact to occur. Child was three years old at the time.

The family court held a hearing and thereafter granted Mother's motion, reducing Father's parenting time to every other Saturday from 10:00 a.m. to 5:00 p.m. and granting him three non-consecutive weeks of parenting time during the summer months. The family court found credible the testimony that Father exercised very little of the parenting time that had been allotted to him and that "his mother had been exercising [Father's] parenting time" due to his work schedule. Father saw Child "on average for a few hours two (2) or three (3) times during his week." Moreover, the family court "believe[d] that at this time [Father] should have no overnight visitation with [C]hild as [the family] [c]ourt is not convinced that the relationship between [Father and his paramour] is over and also lacks confidence that [Father] would not allow [his paramour to be] around [Child]."

We first note that, in contravention of CR[2] 76.12(4)(c)(v), Father does not have a preservation statement at the beginning of his argument. Rather, he contends that, "[a]s this assignment of error alleges abuse of discretion, [Father] was not required to take additional steps to preserve it for appellate review." Father cites no authority for this assertion, and this Court is unaware of any reason to disregard the requirements of CR 76.12(4)(c)(v) simply because Father asserts an abuse of discretion. Nor does Father cite to the record in his argument. Although he cites to the record in his statement of the case, CR 76.12(4)(c)(iv) and (v) require ample references to the record and citation to authority supporting each *argument*. It is not the responsibility of this Court to search the record to find support for Father's arguments or where they are preserved, assuming such exists. *Smith v. Smith*, 235 S.W.3d 1 (Ky. App. 2006).

We further note that Father's counsel has been previously warned on at least one occasion about failure to follow CR 76.12(4)(c)(v). In *Pettingill v. Pettingill*, No. 2016-CA-000589-ME, 2017 WL 651990 (Ky. App. Feb. 17, 2017), Father's counsel represented the appellant therein, and this Court noted

> [Appellant] has failed to comply with CR 76.12(4)(c)(v). That rule requires the brief for [A]ppellant to:
>
> > contain at the beginning of the argument a statement with reference to the record showing whether the issue was properly

---

[2] Kentucky Rule of Civil Procedure.

-3-

> preserved for review, and, if so, in what
> manner.

*Id.* at \*1.

For years, the Court has been pointing out deficiencies in briefs and the rationale and importance of adherence to the rules. Nearly eleven years ago, this Court pointed out:

> Compliance with [CR 76.12] permits a meaningful and efficient review by directing the reviewing court to the most important aspects of the appeal: what facts are important and where they can be found in the record; what legal reasoning supports the argument and where it can be found in jurisprudence; and where in the record the preceding court had an opportunity to correct its own error before the reviewing court considers the error itself. The parties, when acting *pro se,* or their attorneys who appear before us have typically spent considerable time, sometimes even years, creating and studying the record of their case. On the other hand, the record that arrives on the desk of the judges of the reviewing court is entirely unknown to them. To do justice, the reviewing court must become familiar with that record. To that end, appellate advocates must separate the chaff from the wheat and direct the court to those portions of the record which matter to their argument. When appellate advocates perform that role effectively, the quality of the opinion in their case is improved, Kentucky jurisprudence evolves more confidently, and the millstones of justice, while still grinding exceedingly fine, can grind a little faster.

But the rules are not only a matter of judicial convenience. They help assure the reviewing court that the arguments are intellectually and ethically honest. Adherence to those rules reduces the likelihood that the advocates will rely on red herrings and straw-men arguments—typically unsuccessful strategies. Adherence enables opposing counsel to respond in a meaningfully way to the arguments so that dispute about the issues on appeal is honed to a finer point.

*Hallis v. Hallis*, 328 S.W.3d 694, 696-97 (Ky. App. 2010) (internal footnote omitted).

The Court has continued to attempt to educate parties and attorneys on the importance of the rules and the pitfalls of failure to comply with them. The Court addressed noncompliant briefing again in detail in *Curty v. Norton Healthcare, Inc.*, 561 S.W.3d 374, 377-78 (Ky. App. 2018). Given the length at which the Court in *Curty* urged compliance with CR 76.12(4)(c), we quote the rationale for the rule and the Court's warnings that leniency should not be presumed.

CR 76.12(4)(c)[(v)] in providing that an appellate brief's contents must contain at the beginning of each argument a reference to the record showing whether the issue was preserved for review and in what manner emphasizes the importance of the firmly established rule that the trial court should first be given the opportunity to rule on questions before they are available for appellate review. It is only to avert a manifest injustice that this court will entertain an argument not presented to the trial court. (citations omitted).

*Elwell v. Stone*, 799 S.W.2d 46, 48 (Ky. App. 1990) (quoting *Massie v. Persson*, 729 S.W.2d 448, 452 (Ky. App. 1987)).  We require a statement of preservation:

> so that we, the reviewing Court, can be confident the issue was properly presented to the trial court and therefore, is appropriate for our consideration. It also has a bearing on whether we employ the recognized standard of review, or in the case of an unpreserved error, whether palpable error review is being requested and may be granted.

*Oakley v. Oakley*, 391 S.W.3d 377, 380 (Ky. App. 2012).

. . .

> **Failing to comply with the civil rules is an unnecessary risk the appellate advocate should not chance**.  Compliance with CR 76.12 is mandatory. *See Hallis v. Hallis*, 328 S.W.3d 694, 696 (Ky. App. 2010). Although noncompliance with CR 76.12 is not automatically fatal, we would be well within our discretion to strike Curty's brief or dismiss her appeal for her attorney's failure to comply. *Elwell*.  While we have chosen not to impose such a harsh sanction, we strongly suggest counsel familiarize himself with the rules of appellate practice and caution counsel such latitude may not be extended in the future.

*Curty*, 561 S.W.3d at 377-78 (emphasis added).

Three years have passed since the *Curty* opinion, and the brief deficiencies have increased.  In June 2020, this Court again commented on the volume of noncompliant briefs and wrote as follows:

-6-

This Court is weary of the need to render opinions such as this one, necessitated as they are by the failure of appellate advocates to follow rules of appellate advocacy. In just the last two years, at least one hundred and one (101) Kentucky appellate opinions were rendered in which an attorney's carelessness made appellate rule violations an issue in his or her client's case. The prodigious number of attorneys appearing in Kentucky's appellate courts lacking the skill, will, or interest in following procedural rules is growing. In 2005, only two (2) Kentucky opinions addressed appellate rules violations. In 2010, the number jumped to eleven (11). In 2015, the number rose slightly to fourteen (14). The average for the last two years is more than three times that. If this is not a crisis yet, it soon will be if trends do not reverse.

We will not reiterate all that has been said too many times before on this subject. If a lawyer is curious about the importance of these procedural rules or the practical reasons for following them, we recommend reading these opinions in chronological order: *Commonwealth v. Roth*, 567 S.W.3d 591 (Ky. 2019); *Koester v. Koester*, 569 S.W.3d 412 (Ky. App. 2019); *Hallis v. Hallis*, 328 S.W.3d 694 (Ky. App. 2010); *Elwell v. Stone*, 799 S.W.2d 46 (Ky. App. 1990).

*Clark v. Workman*, 604 S.W.3d 616, 618 (Ky. App. 2020).

Our options when an appellate advocate fails to abide by the rules are: (1) to ignore the deficiencies and proceed with the review; (2) to strike the brief or its offending portions, CR 76.12(8)(a); or (3) to review the issues raised in the brief for manifest injustice only. *Hallis,* 328 S.W.3d at 696. Given *only* because the record before us is not voluminous and because the matter involves a minor child, we review for manifest injustice only and, accordingly, find none.

Our review of the record convinces us that the family court's decision to reduce Father's parenting time was well founded.  The record supports the findings of fact and conclusions of law based on his failure to utilize the prior shared parenting schedule, but also due to domestic violence between Father and his paramour and Father's disregard for court orders pertaining to such, particularly as they relate to Child.

Finally, we note that Father's argument lies primarily with his contentions that the family court's findings were not adequate.[3]  We disagree; the order entered in this matter fully sets out the rationale and the evidence supporting the family court's decision.  Moreover, *if* the family court failed to make adequate findings of fact (which is not the case based on our review of the record), Father waived that argument because he failed to bring it to the attention of the family court pursuant to CR 52.02 and 52.04.[4]  *See Cherry v. Cherry*, 634 S.W.2d 423, 425 (Ky. 1982).

Accordingly, the order of the Hardin Circuit Court, Family Division IV, is affirmed.

---

[3] Findings of fact are reviewed for clear error, not abuse of discretion, which renders even less credence to Father's assertion that he was "not required" to preserve his argument for appellate review.  *See* CR 52.01.

[4] CR 52.04 provides:  "A final judgment shall not be reversed or remanded because of the failure of the trial court to make a finding of fact on an issue essential to the judgment unless such failure is brought to the attention of the trial court by a written request for a finding on that issue or by a motion pursuant to Rule 52.02."

GOODWINE, JUDGE, CONCURS.

MAZE, JUDGE, CONCURS IN RESULT ONLY.


BRIEF FOR APPELLANT:

William D. Tingley
Louisville, Kentucky

BRIEF FOR APPELLEE:

Caleb T. Bland
Elizabethtown, Kentucky