RENDERED:  MARCH 4, 2022; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2019-CA-1828-MR

BLUEGRASS OF LEXINGTON, LLC                          APPELLANTS
AND NABIL SHALASH

                    APPEAL FROM FAYETTE CIRCUIT COURT
v.                  HONORABLE ERNESTO M. SCORSONE, JUDGE
                    ACTION NO. 12-CI-05484

REDOUANE MOUGAL; BRAHIM                              APPELLEES
QUBERNIA; LAHOUCINE ELKHOLI;
SOUNMAY CHEMLI; AND WAFFEQ
A. ZABEN

                    OPINION AND ORDER
                    DISMISSING APPEAL

                    ** ** ** ** **

BEFORE:  CALDWELL, MAZE, AND McNEILL, JUDGES.

CALDWELL, JUDGE:  For the reasons set forth herein, we dismiss this appeal

from a Fayette Circuit Court judgment.

        Following multiple extensions of deadlines and opportunities to

correct prior noted deficiencies in tendered appellant briefs, a motion panel of this

Court entered an order in June 2021 allowing the filing of a brief tendered in February 2021. Shortly thereafter, an appellee brief was filed which pointed out that the appellant brief lacked a preservation statement and failed to cite any legal authority for one or more arguments advanced therein. *See* CR[1] 76.12(4)(c)(v). Yet no reply brief was ever filed nor other steps taken to correct these deficiencies.

Upon our review, we agree with the statement in the appellee brief that the appellant brief fails to contain any statement regarding if or how arguments were preserved for our review. Our Court is not required to search through a record–particularly the multi-volume written trial court record with numerous recorded hearings here–to see if and how issues were raised to the trial court and preserved for review. *Koester v. Koester*, 569 S.W.3d 412, 415 (Ky. App. 2019).

Furthermore, other than brief references to CR 43.01 (regarding the burden of proof), the appellant brief cites no legal authority such as statutes or case law to support the arguments therein–including potentially complex legal issues about the rights and responsibilities of members and/or managers in limited liability companies. Thus, we conclude that the appellant brief also failed to comply with the simple requirement that the argument portion of a brief contain: "citations of authority pertinent to each issue of law[.]" CR 76.12(4)(c)(v). This Court is not responsible for researching and constructing arguments for an

---

[1] Kentucky Rules of Civil Procedure.

appellant and we may deem arguments for which no authority is cited as waived. *Hadley v. Citizen Deposit Bank*, 186 S.W.3d 754, 559 (Ky. App. 2005). *See also Curty v. Norton Healthcare, Inc.*, 561 S.W.3d 374, 379 (Ky. App. 2018) ("We will not search the record to construct [Appellant's] argument for her, nor will we go on a fishing expedition to find support for her underdeveloped arguments.").

This Court has the authority to strike briefs for substantial non-compliance with the briefing requirements of CR 76.12. CR 76.12(8)(a). Although we do not always exercise our discretion to strike briefs despite substantial non-compliance with CR 76.12, *see, e.g.*, *Clark v. Workman*, 604 S.W.3d 616, 619 (Ky. App. 2020), we conclude that striking the appellant brief and dismissing the appeal is appropriate here.

This Court has previously granted to appellants herein multiple extensions of time deadlines and opportunities to comply with briefing rules. But our patience is not unlimited following the lengthy procedural history on appeal.

The body of the notice of appeal stated that Bluegrass of Lexington, LLC ("Bluegrass") and Nabil Shalash were the appellants. The caption of the notice of appeal also listed Lahoucine Elkholi along with Bluegrass and Shalash as parties opposing the appellees in the trial court action. However, Elkholi was not named as an appellee nor as an appellant in the body of the notice of appeal.

Shortly after the notice of appeal was filed, this Court issued an order for the appellants to show cause why the appeal should not be dismissed for failure to name an indispensable party–since Elkholi (a defendant in the trial court action) was not named as a party to the appeal. (Order 12/18/2019.) The appellants filed a response, noting *inter alia* that Elkholi was named in the caption.

This Court entered an order finding that sufficient cause was shown and also directing the clerk to enter Elkholi as a party-appellee to the appeal. But this Court also noted therein that the appellants' prehearing statement was overdue and required that the prehearing statement be filed within 20 days. (Order 5/4/2020.) The appellants submitted a prehearing statement within 20 days, although it was not filed for a few days due to administrative delays.

After the prehearing statement was filed and the record on appeal was certified, the appellees filed a motion to dismiss the appeal for failure to file a brief within 60 days of the certification of the record. *See* CR 76.12(2)(a). The appellants filed a verified motion for enlargement of time to file their brief, stating that counsel was unaware of the July 2020 certification of the record until receiving a copy of the appellees' motion to dismiss in late September and asserting this was excusable neglect.

The appellees filed a response to the appellants' motion for enlargement, arguing that counsel had a duty to make sure the record was certified

within 30 days and noting that the certification of the record indicated it was sent to appellants' counsel. This Court denied the motion to dismiss, and it granted the motion for additional time to file a brief. This Court further ordered that a brief complying with the Civil Rules must be filed within 20 days. This Court also stated: "Additional extensions of time to comply with the Civil Rules shall not be granted to Appellants absent extraordinary circumstances." (Order 12/17/2020.)

In early January 2021, an appellant brief was tendered within twenty days of the order granting the extension, but the brief was returned as deficient. The deficiency notice sent by the clerk identified failures to comply with the following requirements: 1) CR 76.12(4)(c)(i)'s requirement that the brief contain an introduction not exceeding two sentences; 2) CR 76.12(4)(c)(vii)'s requirement for an appendix list or index listing all documents included in the appendix and where the documents can be found in the record; and 3) CR 76.12(4)(c)(vii)'s requirement that the judgment, opinion, or order under review be placed immediately after the appendix list or index. The deficiency notice gave the appellants 10 days to make the necessary corrections. Another appellant brief was tendered January 19, 2021.[2]

---

[2] Although the tendered receipt notice for this brief was dated January 20, the tendered brief was stamped received on January 19 and an informal receipt also states this tendered brief was received on January 19.

On or about January 22, 2021, this Court entered an order finding that the brief tendered a few days beforehand had corrected the failure to comply with CR 76.12(4)(c)(i) but failed to comply with CR 76.12(4)(c)(vii)–because it failed to show where documents in the appendix could be found in the record and failed to place the order under review immediately after the appendix list or index. The appellants were ordered to show cause why the appeal should not be dismissed for failure to prosecute the appeal in compliance with the Civil Rules and for failure to comply with the deficiency notice. (Order 1/22/2021.)

A few days later, the appellees filed a second motion to dismiss. They noted that the order granting the initial time extension (Order 12/17/2020) provided that "Appellants SHALL FILE a brief which conforms to the Civil Rules within twenty (20) days of this Order." They asserted that an appellant brief was tendered within 20 days, but it failed to comply with the rules. And they noted the deficiency notice gave the appellants ten days to correct the deficiencies (which actually amounted to 13 days due to a weekend and holiday), but they asserted the second corrected brief was tendered a day after the ten-day deadline and had not yet been filed. Noting the appellant brief would have originally been due in September 2020, they argued the appeal should be dismissed since an appellant brief was still not filed.

In early February 2021, appellant Shalash[3] filed a response to the show cause order along with another tendered brief. The response asserted counsel was a solo practitioner, had become very ill a few days before the corrected brief was due, and "attempted to correct the brief from home without the missing requirement sheet." It also argued the brief substantially complied with the rules, the appellees would suffer no prejudice if the latest corrected brief were filed, and that dismissing the appeal would be an inappropriately drastic action in the case.

Appellant Shalash also filed a response to the motion to dismiss. He pointed out that the first (partially) corrected brief was actually received by the Court of Appeals late in the afternoon of January 19–the last day within the deadline for filing the corrected brief.

In June 2021, a panel of this Court determined that appellant Shalash had shown sufficient cause to allow the case to proceed on the active docket. The panel denied the second motion to dismiss and ordered that the appellant brief tendered in February 2021 be filed. (Order 6/3/2021.)

The appellees then filed a timely appellee brief, in which they pointed out that the filed appellant brief did not contain a preservation statement and failed

---

[3] Earlier documents such as the notice of appeal and some motions and responses appeared to have been filed on behalf of both Bluegrass and Shalash by attorney Gregory Kujawski. But beginning around early 2021, Kujawski only filed documents in the appeal on behalf of Shalash.

to cite any legal authority for at least one argument. No reply brief was filed; nor was anything else filed to correct the deficiencies noted in the appellee brief.

We are not obligated to be lenient and to decline to strike briefs or dismiss appeals where there have been repeated, substantial failures to comply with CR 76.12–particularly where an appellant has not taken advantage of the opportunity to correct in a reply brief his/her lack of compliance with CR 76.12 in the appellant brief after that non-compliance has been brought to the appellant's attention. *See Koester*, 569 S.W.3d at 414-15. Here, the appellee brief pointed out the failure to provide a preservation statement and failure to cite supporting legal authority for at least one argument–but no reply brief was filed.

Given the prior history of failure to comply with briefing rules and deadlines, along with the lack of preservation statement and lack of substantive citation to legal authority in the filed appellant brief, and given the voluminous record, we conclude that the only appropriate course of action here is to strike the appellant brief for substantial non-compliance with CR 76.12 and to dismiss the appeal. To the extent that prior orders entered in this appeal may seem inconsistent with our ruling here, our precedent holds that a merits panel is not bound by such preliminary motion panel decisions. *Commonwealth Bank & Trust v. Young*, 361 S.W.3d 344, 350 (Ky. App. 2012) ("This Court retains authority to review

decisions on motion panel that do not finally dispose of the case when the case is considered by a full-judge panel to which it is assigned.").

Furthermore, although the clerk's deficiency notice did not point out the lack of preservation statement or the lack of cited supporting authority for some arguments, the appellee brief pointed out these deficiencies–so we reject any argument that the appellant(s) reasonably relied on the deficiency notice to point out all deficiencies. Though the clerk sends out deficiency notices identifying some deficiencies as a courtesy when returning clearly non-compliant briefs, a represented party's counsel is responsible for making sure that appellate briefs comply with applicable rules. "Failing to comply with the civil rules is an unnecessary risk the appellate advocate should not chance." *Cotton v. National Collegiate Athletic Association*, 587 S.W.3d 356, 360 (Ky. App. 2019).

## CONCLUSION

For the reasons stated herein, the appellant brief is STRICKEN for substantial non-compliance with briefing requirements and the appeal is DISMISSED.

ALL CONCUR.

ENTERED: _March 4, 2022____    _____
                                                JUDGE, COURT OF APPEALS

BRIEF FOR APPELLANT NABIL
SHALASH:

Gregory Kujawski
Lexington, Kentucky

BRIEF FOR APPELLEES:

David R. Marshall
Lexington, Kentucky