RENDERED:  OCTOBER 6, 2023; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2022-CA-1077-MR

SCOTT STANTON                                                    APPELLANT

APPEAL FROM TODD CIRCUIT COURT
v.        HONORABLE JOE W. HENDRICKS, JR., JUDGE
ACTION NO. 09-CR-00020

COMMONWEALTH OF KENTUCKY                                         APPELLEE

OPINION
AFFIRMING

** ** ** ** **

BEFORE:  CALDWELL, GOODWINE, AND LAMBERT, JUDGES.

GOODWINE, JUDGE:  Scott R. Stanton ("Stanton"), *pro se*, appeals from an

order of the Todd Circuit Court denying his request for post-conviction relief under

CR[1] 60.02.  After careful review, finding no error, we affirm.

---

[1] Kentucky Rules of Civil Procedure.

## BACKGROUND

Stanton entered a conditional guilty plea to rape in the first degree and sodomy in the first degree on November 20, 2009. *Stanton v. Commonwealth*, 349 S.W.3d 914, 915 (Ky. 2011). He was subsequently sentenced to twenty years' imprisonment for each conviction, to run concurrently, for a total of twenty years' imprisonment. Stanton's guilty plea was conditioned on the ability to appeal the denial of his motion to suppress, which was affirmed by the Kentucky Supreme Court. *Id*. at 921.

On August 27, 2014, Stanton, *pro se*, filed an RCr[2] 11.42 motion that was denied, without a hearing, by order entered on October 29, 2014. Record ("R.") at Vol. I, 18-37.

On December 17, 2014, Stanton, *pro se*, filed a motion pursuant to CR 60.02 that was denied by order entered on January 21, 2015. R. at Vol. II, 57-65.

On April 3, 2015, Stanton filed a second CR 60.02 motion, alleging he did not receive a copy of the October 29, 2014, order denying his RCr 11.42 motion. *Id.* at 83-87. By order entered on May 15, 2015, the trial court set aside the October 29, 2014, order and directed that it be re-entered as of May 15, 2015. *Id*. at 89-92. Appellant was granted a belated appeal of the denial of his RCr 11.42

---

[2] Kentucky Rules of Criminal Procedure.

motion by this Court in Appeal No. 2015-CA-0640-MR.  However, Stanton filed a motion to voluntarily dismiss the appeal which was granted by order of this Court on June 20, 2017.  R. at Vol. III, 3.

On October 7, 2015, Stanton filed a CR 60.03 motion to re-open his RCr 11.42 proceeding, which was denied by order entered on November 16, 2015.

On June 26, 2017, the trial court entered an Agreed Order Amending Judgment which vacated Stanton's rape conviction based on the Kentucky Supreme Court's holding in *Fields v. Commonwealth*, No. 2010-SC-0016-MR, 2011 WL 5881620, at *3 (Ky. Nov. 23, 2011).  However, Stanton's first-degree sodomy conviction remained, as well as his twenty-year sentence.

Relevant to this appeal is the denial of Stanton's latest CR 60.02 motion that was filed on July 8, 2022.  There, Stanton argued his sentence is illegal because the victim was over twelve years of age.  On July 11, 2022, the trial court entered an order denying Stanton's motion, finding that Count 5 of the amended indictment charged Stanton with first-degree sodomy for abusing the victim between December 10, 2006, and December 10, 2007, a time during which the victim was eleven years old.  This appeal followed.  On appeal, Stanton argues that he should have been convicted of third-degree sodomy under KRS[3] 510.090

---

[3] Kentucky Revised Statutes.

because the victim was above the age of twelve years when part of the abuse occurred on December 29, 2008.

## STANDARD OF REVIEW

The standard of review concerning a trial court's denial of a CR 60.02 motion is whether the trial court abused its discretion. *Brown v. Commonwealth*, 932 S.W.2d 359, 362 (Ky. 1996); *White v. Commonwealth*, 32 S.W.3d 83, 86 (Ky. App. 2000). "The test for abuse of discretion is whether the judge's decision was arbitrary, unreasonable, unfair, or unsupported by sound legal principles." *Commonwealth v. English*, 993 S.W.2d 941, 945 (Ky. 1999). Therefore, we will affirm the trial court's decision unless there is a showing of some "flagrant miscarriage of justice[.]" *Gross v. Commonwealth*, 648 S.W.2d 853, 858 (Ky. 1983).

## ANALYSIS

"Our rules of civil procedure do not permit successive motions or the relitigation of issues which could have been raised in prior proceedings. Our courts do not favor successive collateral challenges . . . ." *Stoker v. Commonwealth*, 289 S.W.3d 592, 597 (Ky. App. 2009) (citation omitted). Under CR 60.02(e) and (f), a movant may only receive relief from a judgment if the judgment is void, or for any other reason extraordinary in nature. *Berry v. Commonwealth*, 624 S.W.3d 119, 121 (Ky. 2021). CR 60.02 does not provide

-4-

movants a chance to raise claims that could have been raised in prior proceedings. *Sanders v. Commonwealth*, 339 S.W.3d 427, 437 (Ky. 2011).

Stanton has filed five successive post-conviction motions. Further, Stanton's latest motion is an attempt to relitigate an issue that should have been brought with specificity in his initial RCr 11.42 motion filed August 27, 2014. Stanton argues he raised the issue of the victim's age in his first RCr 11.42 motion. However, the trial record does not indicate that Stanton made specific claims about the issue in his RCr 11.42 motion. *Curty v. Norton Healthcare, Inc.*, 561 S.W.3d 374, 379 (Ky. App. 2018) ("We will not search the record to construct [an appellant's] argument for her, nor will we go on a fishing expedition to find support for her underdeveloped arguments."); R. at Vol. II, 18-20. We conclude that Stanton's motion was an improper successive post-judgment motion, and the trial court did not err when it denied the motion.

Even assuming, *arguendo*, that Stanton's motion was not an improper successive post-judgment motion, we find no error.[4] Stanton was convicted under KRS 510.070(1)(b)(2), which states that a person is guilty of first-degree sodomy when he engages in deviant sexual intercourse with another person who is incapable of consent because he is less than twelve years old. First-degree sodomy

---

[4] The issue of correcting an illegal sentence may be brought by a movant regardless of the amount of time that has passed since the original sentence, despite the reasonable time requirement of CR 60.02. *Phon v. Commonwealth*, 545 S.W.3d 284, 302 (Ky. 2018).

is a Class A felony when the victim is under twelve years old. KRS 510.070(2). Count 5 of the indictment under which Stanton was charged was amended to include abuse occurring between December 10, 2006, and December 10, 2007, when the victim was eleven years old. R. at Vol. I, 32-39. Stanton pleaded guilty to first-degree sodomy based on Count 5 of the amended indictment. Stanton's statements during his guilty plea colloquy support his conviction and sentence under KRS 510.070:

> Circuit Judge Tyler Gill: And who was this victim, and I'm asking this because the courtroom is essentially empty and just people who already know the answer to the question.
>
> Stanton: [name redacted], my stepson.
>
> Judge Gill: And how old was he at the time?
>
> Stanton: Eleven.
>
> Judge Gill: And did you know at the time how old he was?
>
> Stanton: Yes.

Furthermore, Stanton's guilty plea precludes him from challenging the sufficiency of the evidence presented by the Commonwealth. Video Record, 11/20/09 at 12:20-13:14. *Taylor v. Commonwealth*, 724 S.W.2d 223, 225 (Ky. App. 1986) (holding that a plea of guilty admits the factual accuracy of the elements of the charges to which the defendant pleaded guilty). We thus conclude Stanton was properly convicted and sentenced under KRS 510.070.

## **CONCLUSION**

For the foregoing reasons, the July 11, 2022, order of the Todd Circuit

Court is AFFIRMED.

ALL CONCUR.

BRIEFS FOR APPELLANT:

Scott Richard Stanton, *pro se*
LaGrange, Kentucky

BRIEF FOR APPELLEE:

Daniel Cameron
Attorney General of Kentucky

Matthew R. Krygiel
Assistant Attorney General
Frankfort, Kentucky