**James W. OAKLEY, Appellant**

v.

**Denise Marie OAKLEY, Appellee.**

**No. 2011–CA–001410–ME.**

Court of Appeals of Kentucky.

Dec. 21, 2012.

Douglas G. Benge, London, KY, for appellant.

Marcia A. Smith, David O. Smith, Corbin, KY, for appellee.

Before DIXON, MAZE and NICKELL, Judges.

## OPINION AND ORDER

NICKELL, Judge:

James W. Oakley seeks to appeal a verbal order made by the Family Court Division of the Laurel Circuit Court during an evidentiary hearing on August 2, 2011. We strike James's brief for noncompliance with the Kentucky Rules of Civil Proce-

---

1. We are fully aware of *James v. James*, 313 S.W.3d 17 (Ky.2010) and *N.L. v. W.F.*, 368 S.W.3d 136 (Ky.App.2012), both of which allow a prematurely filed *Notice of Appeal to* "relate forward" and not require dismissal.

dure (CR) and dismiss the appeal for lack of jurisdiction.

■ On August 8, 2011, James filed a Notice of Appeal stating:

PLEASE TAKE NOTICE that Appellant, James W. Oakley, Respondent in the circuit court action, by and through counsel, pursuant to CR 73.01–01, respectfully serves notice of his intent to appeal from verbal Order uttered Tuesday, August 2, 2011, which (a) denied his motion to remove supervised parenting time restriction, (b) ordered him to pay $700.00 in attorney fees for an appeal, and (c) held him in contempt and incarcerated him for 20 days.

Circuit courts speak "only through written orders entered upon the official record." *Kindred Nursing Centers Ltd. Partnership v. Sloan*, 329 S.W.3d 347, 349 (Ky. App.2010). It was error for James to file his Notice from the verbal order entered by the trial court during the hearing. He should have filed his Notice on or after August 9, 2011, when the written order reciting the outcome of the August 2, 2011, hearing was entered, or amended his original Notice to include the written order.[1] Having done neither, there is no order for this Court to review and the appeal must be dismissed for want of jurisdiction.

■ Additionally, CR 76.12 sets forth the requirements for appellate briefs. We may strike a brief "for failure to comply with any substantial requirement of" the rule. CR 76.12(8)(a); *Elwell v. Stone*, 799 S.W.2d 46 (Ky.App.1990).

James's counsel has run afoul of CR 76.12 multiple times during the pendency of this case.

However, neither of those cases deals with a verbal order as in this case. Thus, we deem *James* and *N.L.* to be distinguishable and therefore, not dispositive.

When he finally submitted James's first brief to this Court,[2] opposing counsel moved to strike it for noncompliance with three provisions of CR 76.12 as well as failure to heed CR 98. Specifically, the brief failed to provide pinpoint citations to either the written or video record and did not explain whether, where and how the alleged errors were preserved. We struck James's first brief on January 10, 2012, but at opposing counsel's urging, we granted James leave to file a corrected brief with the following directive:

> Having considered the motion to strike [James's] brief, the Court ORDERS the motion be, and it is hereby, GRANTED. [James] shall have 10 days from the date of entry of this order to file a brief in substantial compliance with CR 76.12. The brief shall contain "ample references to the specific pages of the record, or tape and digital counter number in the case of untranscribed videotape or audiotape recordings, or date and time in the case of all other untranscribed electronic recordings, supporting each of the statements narrated in the summary." CR 76.12(4)(c)(iv) and CR 98(4)(a). Further, the (sic) each argument section shall include "ample supportive references to the record" and shall include "a statement with reference to the record showing whether the issue was properly preserved for review and, if so, in what manner." CR 76.12(4)(c)(v).

After requesting and receiving additional time, James's second brief, received by this Court on February 21, 2012, was only slightly better than his first effort in that it did give page numbers for documents in the written record, but still gave no pin-

point citations to the video record and was devoid of any statement of preservation. Thus, we are faced with another motion to strike James's brief due to the uncorrected errors, and this time the motion to strike is coupled with a request that we dismiss the appeal.

▉▉▉ In his response and objection to the second motion to strike, James wrote in part:

> While the first motion to strike was technically correct as the brief failed to cite the (R. ——) of the exact document referred to, it was fundamentally groundless as every document referred to in the Brief was attached as an Exhibit. That motion was not objected to as the motion was filed by the Appellee during the Christmas holiday at (sic) time when Appellee's counsel was well aware the Appellant's office was closed. The order was entered and the brief was re-filed with references to the (R. ——) assigned by the clerk.
>
> The second motion to strike may be technically correct but again without substantive foundation. Despite the fact this case is now almost seven years since its inception, the issue appealed upon arising out of the court's refusal to remove the restriction upon the Appellant's visitation with his children, the award of attorney fees, and incarceration for contempt, all occurred on a single court date in August, 2011.
>
> Appellee's counsel was present for every court event referenced in the Brief and whether or not the issue is preserved for appeal is inherent in that the Court denied the motions. This is not a situation such as evidentiary ruling that

---

**2.** Due to a calendaring error on his part, James's counsel failed to file a timely brief and in November 2011 received a notice from this Court alerting him the brief was overdue. After confessing error and requesting additional time, a brief was ultimately filed on December 2, 2011.

may or may not have been objected to by counsel.

As for the lack of specific cites to the tape counter, the two hearings referenced in the Brief both lasted approximately 30 minutes in length. Counsel is advised that the only DVD record transmitted to the Court of Appeals is that of the subject hearings only and not the entire days events. Due to the extremely short duration of both hearings, it was anticipated the Court would watch the entire hearing and specific times was unnecessary and that reference to the date of the hearing was "ample" as required by the rule.

While appending items to the brief enables each member of this Court to quickly review certain documents, it does not obviate the specific language of the rule. Furthermore, an appellate court cannot consider items that were not first presented to the trial court. By citing us to the specific location of the item in the record, we can confirm the document was presented to the trial court and is properly before us. Substantial compliance with CR 76.12 is essential and mandatory.

 While the second brief corrected one of three highlighted deficiencies, it left two other flaws untouched. Importantly, James's first brief contained no statement of preservation for any of the three allegations of error—nor did his second. CR 76.12(4)(c)(v) requires:

> [a]n "ARGUMENT" conforming to the statement of Points and Authorities, with ample supportive references to the record and citations of authority pertinent to each issue of law and which **shall contain at the beginning of the argument a statement with reference to the record showing whether the issue was properly preserved for review and, if so, in what manner.**

(Emphasis added). James appears to misunderstand the purpose of this requirement. It is not so much to ensure that opposing counsel can find the point at which the argument is preserved, it is so that we, the reviewing Court, can be confident the issue was properly presented to the trial court and therefore, is appropriate for our consideration. It also has a bearing on whether we employ the recognized standard of review, or in the case of an unpreserved error, whether palpable error review is being requested and may be granted. Thus, in asking us to enforce the rules, opposing counsel is not simply playing hardball or, as James has stated, lodging "procedural objections" that are "nothing more than an extension of the Appellee mother's attempt at continuing to deny him time with his children."[3] If compliance with the Civil Rules were not critical, we would not have quoted the Rules in our Order striking the first brief.

Finally, the other deficiency James failed to correct was the absence of pinpoint citations to the video recordings. Counsel for James states pinpoint citations are unnecessary because the hearings were short. We disagree. First, the record in this appeal is not small. It consists of *nine volumes of written record, two*

---

[3] We note that the Certificate of Service on this pleading reads in pertinent part: "THIS IS TO CERTIFY that on March 12, 2012, the foregoing Objection was served by mailing the original and five copies to hand delivering the original and one copy to: [.]" A similar error appears in the Certificate on the Response and Objection to Appellee's Motion for Extension of Time to File Brief that James filed on March 13, 2012. We also find it curious that the Second Motion to Strike Appellant's Brief and Motion to Dismiss Appeal was certified as being mailed to counsel for James on March 13, 2012, but James's Objection to that Motion is certified as being mailed and hand delivered on March 12, 2012, before the Motion was mailed. Great care should be taken to ensure accuracy in all pleadings.

envelopes of exhibits and twenty DVD's. Thus, the certified record contains far more than the "subject hearings" and far more than events pertaining to this particular action. Second, we watched the entirety of the two hearings cited by James. The hearing convened on April 12, 2011, was set for three hours and consumed two hours and 17 minutes. The hearing convened on August 2, 2011, was set for one hour and lasted just 34 minutes. Thus, the video record he deems relevant was more than two thirty-minute hearings. James seems to imply that following the rules is an exercise in futility, but to us it is critical to the efficient operation of appellate review and it is required of all litigants.

In the Motion for Extension of Time to File Appellant's Brief that James filed in this Court on November 14, 2011, in which he confessed error to his calendaring omission, counsel wrote, "appeals are not common in many offices compared to trial court deadlines and that expedited appeals are even less common." His words ring true, but if counsel is unfamiliar with appellate practice he must school himself or pass the client to someone who is better versed. Reading and applying the Kentucky Rules of Civil Procedure is an excellent starting point.

As in most cases, here it is the client who suffers by counsel's failure to substantially comply with the Rules. Even if we were inclined to give counsel another opportunity to file a corrected brief, it would not make a difference because we lack jurisdiction due to the flawed Notice of Appeal.

For the foregoing reasons, the Brief for Appellant is ORDERED STRICKEN and the APPEAL is DISMISSED for lack of jurisdiction.

DIXON, Judge, Concurs.

MAZE, Judge, Concurs in Result Only.

MAZE, Judge, Concurring in Result Only:

While I agree with the majority's decision to dismiss the appeal, I disagree with its reasoning finding that this Court lacks jurisdiction to hear the appeal. The majority correctly notes that James prematurely filed his notice of appeal from the trial court August 2, 2012, oral ruling from the bench. Such oral orders are generally not appealable, since the trial court can only speak through its written orders. However, the trial court reduced its oral judgment to writing on August 9, 2012, only one day after James filed his notice of appeal. Under *James v. James,* 313 S.W.3d 17 (Ky.2010) and *N.L. v. W.F.,* 368 S.W.3d 136 (Ky.App.2012), a premature filing of a notice of appeal does not require dismissal of the appeal for lack of jurisdiction. Rather, a prematurely filed notice of appeal will relate forward to the time when the trial court's interlocutory judgment became final. *James,* 313 S.W.3d at 23–24, *N.L.,* 368 S.W.3d at 144–45.

The majority agrees that this relation-forward rule applies to an interlocutory order which is subsequently made final without modification. However, the majority concludes that this rule does not apply to an oral ruling which is reduced to a final written order without modification. Under the particular circumstances of this case, I cannot find any meaningful distinction between these two types of orders. Therefore, I would conclude that this Court has jurisdiction to hear James's appeal.

Nevertheless, I fully agree with the majority's excellent analysis detailing the deficiencies in James's brief. This Court has given James's counsel several chances to bring the Appellant's brief into compliance

with CR 76.12. Despite these opportunities, the Appellant's brief still fails to substantially comply with the requirements of the rule. As a result, I concur with the majority that James's brief should be stricken and his appeal dismissed. However, if the majority is correct that this Court lacks jurisdiction to hear the appeal, then the deficiencies in the Appellant's brief are moot. This Court would be required to dismiss the appeal even if James's counsel had fully complied with CR 76.12. Any further discussion in the majority opinion must be considered as dicta.