David S. KRUGMAN; JYL Sobolewski; April Maiyer; Heather Cordell; Gregory S. Warren; Charles Roberts; Michael W. Jones; William David Richards; Javid Kelley; Catherine Preissig; Brianna McComeskey; Steven Lavance, Jr.; Christopher Barnash; Phillip Weeks; Steven Robert Love; Nicholaus Robert DiMauro; Heath Donald Britt; Keith L. Walker; Kathleen Crosby; Roosevelt Tolliver; Jason Smith; Jacqueline Hovarth; Matthew Hild; Wilsie T. Wright; Brennan Sears–Collins; John A. Kuhnert; Chrystal A. Charles; Mireilly Adrover; Matthew Patrick Hudson; Donald Crawford; Richard A. Duerr; Brett Cash; Lauren Conboy; Keith Sorgeloos; R.M.; Robert Gordon; Bretaigne Black; Matthew R. Kelley; Camela Noelle Collins; Clifton A. Sanders; Jesse W. Neyer; Thomas Zachary Calhoun; Kristy M. Ferguson; Charles S. Bradley; Nathan Croft; John C. Vachina; Jeffrey R. Harris; Megan Ni-

cole Brischler; Eric Wolf; Shane Stogner; Crystal Bass; Orlando Reese; Rajiv Patel; Ronald Skalko; Raymond Hills; LeeAnne Swift; William Craig Strain; Charles Stills; and Sarah Cummings, Appellants

v.

CMI, INC., Appellee.

and

Orlando Reese; Rajiv Patel; Jennifer Odell; Jarrod Norkus; Lindsay Jones; Emily Richards; Charles Heeren; Michael Glovino; Kelton Daniel; Richard Langford Joyce; Hamilton Scott Team; Diebert Marbun; Nicole Grimes; Lakendria D. Williams; Ramon Macias, Jr.; John Phillip Oliver; Christopher Harradine; Andrew Hodgins; Douglas Lipscomb; Kevin Long; Karah Cohen; Jeffrey Anop; Suzanne Miller Garrison; Brett Phillips; Jennifer D. Stafford; Ronald Michael Humes; Yurani Velasco; Jacob Smink; and Anita James, Appellants

v.

CMI, Inc., Appellee.

Nos. 2012–CA–000544–MR, 2012–CA–001408–MR.

Court of Appeals of Kentucky.

June 13, 2014.

Reconsideration Denied July 21, 2014.

Clay Wilkey, Owensboro, KY, for Appellants.

Allen W. Holbrook, Alan Triggs, Owensboro, KY for Appellee.

Before DIXON, NICKELL and TAYLOR, Judges.

*OPINION AND ORDER*

DIXON, Judge:

In these consolidated appeals, eighty-seven individuals charged with driving under the influence in Georgia (collectively "Appellants"), sought discovery of the "source code" software for the Intoxilyzer 5000 used by law enforcement in Georgia. CMI, Inc., manufactures the Intoxilyzer 5000, and its corporate headquarters is in Owensboro, Kentucky. The Appellants filed a petition in Daviess Circuit Court to compel CMI to produce the source code for examination by Appellants' expert witness and for a representative of CMI to appear at each of the eighty-seven DUI trials in Georgia. Each Appellant filed a certificate from the Georgia court pursuant to Georgia's Uniform Act to Secure the Attendance of Witnesses from Without the State,[1] which certified that CMI was a material witness that needed to appear in the Georgia court to produce the computer source code for the Georgia Intoxilyzer 5000.

CMI filed an answer, asserting that it was not a material witness and that the Georgia certificates failed to establish materiality. CMI stated it would waive the certificates' deficiencies and proposed to disclose the evidence sought by Appellants pursuant to a protective order. CMI also noted that it had been involved in similar litigation in the Daviess Circuit Court regarding requests for discovery of its source code by DUI defendants in Montana.[2]

In both of the cases now on appeal, the circuit court held a hearing to address CMI's request for a protective order. CMI argued that the Appellants failed to set forth specific facts indicating an actual belief that the Intoxilyzer was defective or had malfunctioned; consequently, CMI contended Appellants sought the source code to conduct a fishing expedition for possible errors. Appellants contended the protective order was improper because the Georgia certificates were prima facie evidence that CMI was a material witness necessary to establish the reliability of the Intoxilyzer. The trial court concluded that the petitions imposed an undue burden on CMI to produce the source code unless CMI was granted a protective order to safeguard its confidential business information and trade secrets. Accordingly, the court issued a protective order delineating the terms of CMI's disclosure of the discovery materials sought by Appellants.[3]

1. Kentucky's version of the Uniform Act is codified at KRS 421.230 to 421.270.

2. In the Montana case, the Daviess Circuit Court entered CMI's proposed protective order tailoring the disclosure of the source code in a manner that protected CMI's confidential trade secrets by allowing the petitioners access to the software at CMI's headquarters but prohibiting removal of CMI's proprietary information from the premises. *State v. Peters*, 362 Mont. 389, 264 P.3d 1124, 1128–29 (2011).

3. In 2012–CA–000544, the circuit court's order was entered February 22, 2012. In 2012–CA–001408, the order was entered on July 16, 2012. This Court subsequently granted Appellants' motion to consolidate these cases on appeal.

Appellants now appeal the orders rendered by the Daviess Circuit Court.

■ At the outset, we must address a procedural matter. In March 2013, a panel of this Court granted CMI's motion to strike the brief filed by Appellants due to non-compliance with CR 76.12(4)(c)(iv) and (v). This Court's order specifically stated in part:

> The appellants' brief raises multiple issues but fails to adequately demonstrate in a clear and specific manner whether those issues have been preserved for review. A general reference to a pleading filed below, without specific citation to the certified record, does not meet this requirement.
>
> Because appellants have failed to comply with CR 76.12(4)(c)(iv) and (v) by not citing to the certified record by record page number, and failed to comply with CR 76.12(4)(c)(v) by not including sufficient statements of preservation, the Court believes the appellants' brief must be stricken. Therefore, the clerk of this Court is DIRECTED to STRIKE the appellants' brief and to return it to appellants' counsel. Appellants shall have twenty (20) days from the date of entry of this Order to file a corrected brief that complies entirely with CR 76.12, and specifically complies with CR 76.12(4)(c)(iv) and (v).

Appellants filed their second brief with this Court on April 9, 2013. The second brief corrected one of the errors by citing the page numbers for documents in the certified written record (rather than citing the documents in the appendix of the brief); however, the brief still did not provide a statement of preservation for any of the nine issues argued on appeal. As a result, CMI filed a motion to strike Appellants' corrected brief and dismiss the appeal. A motion panel of this Court passed CMI's motion and Appellants' reply to this panel for consideration.

As CMI points out, the second brief contained an "Argument" heading stating, "This matter was preserved for appeal through pleadings filed and arguments made at hearings by the Appellants in both the Krugman and Reese cases." The Appellants then cited the location in the record for their responsive pleading in the trial court. Following the "Argument" section, the Appellants set forth nine alleged errors without any preservation statements for those claims. CMI also contends at least three of the issues presented in Appellants' brief were not raised below.

Appellants filed a response to CMI's motion, asserting that their brief complied with the civil rules and this Court's prior order. Appellants characterize their nine enumerated issues as "sub-sections" of their "Argument," noting that their "Argument" included a statement of preservation. According to Appellants, their statement of preservation was adequate because "requir[ing] a statement of preservation at the onset of each sub-section would be duplicative and unnecessary in this particular case." Incredibly, Appellants then concede that some of the enumerated issues were either not actually raised in the pleading cited in the "Argument" or not presented to the trial court at all.

CR 76.12(4)(c)(v) requires "... at the beginning of the argument a statement with reference to the record showing whether the issue was properly preserved for review and, if so, in what manner." Appellants raised nine issues on appeal; however, they ignored the requirement to include a specific statement of preservation at the beginning of each argument. Instead, they simply provided a general reference to the responsive pleading sub-

mitted to the circuit court. We have also noticed an additional flaw in Appellants' brief. To support their fourth issue on appeal, Appellants relied on an unpublished decision from this Court, but failed to provide us with a copy of the opinion. CR 76.28(4)(c).

■ We have wide latitude to determine the proper remedy for a litigant's failure to follow the rules of appellate procedure. *Age v. Age,* 340 S.W.3d 88, 97 (Ky.App. 2011). CR 76.12(8)(a) vests this Court with the discretion to strike a brief as a penalty for non-compliance with any substantial requirement of the rule. In *Hallis v. Hallis,* 328 S.W.3d 694 (Ky.App.2010), this Court explained:

> It is a dangerous precedent to permit appellate advocates to ignore procedural rules. Procedural rules do not exist for the mere sake of form and style. They are lights and buoys to mark the channels of safe passage and assure an expeditious voyage to the right destination. Their importance simply cannot be disdained or denigrated.

*Id.* at 696 (internal quotation marks and citations omitted).

■ The requirement that each issue include a statement of preservation is intended "to save the appellate court the time of canvassing the record in order to determine if the claimed error was properly preserved for appeal." *Elwell v. Stone,* 799 S.W.2d 46, 47 (Ky.App.1990) (*citing* 7 Bertelsman and Phillips, *Kentucky Practice,* CR 76.12(4)(c)(iv) [now (v) ], Cmt. 4 (4th ed. 1989PP)). Quite simply, "[s]ubstantial compliance with CR 76.12 is essential and mandatory." *Oakley v. Oakley,* 391 S.W.3d 377, 380 (Ky.App.2012).

In this case, CMI successfully moved to strike Appellants' initial brief, and a panel of this Court ordered Appellants to file a brief that specifically complied with CR 76.12(4)(c)(v). Despite this explicit order, Appellants' second brief still failed to fully comply with the rule. We cannot condone Appellants' disregard for the procedural rules and an order of this Court. "If compliance with the Civil Rules were not critical, we would not have quoted the Rules in our Order striking the first brief." *Id.*

We have carefully reviewed the record in this case, including CMI's pending motion and Appellants' response. Appellants' second brief is clearly deficient; consequently, we believe it is appropriate to grant CMI's motion to strike Appellants' brief and dismiss the appeal.

For the reasons stated herein, the Court ORDERS that the motion be GRANTED, and the consolidated appeals are hereby DISMISSED.

NICKELL, Judge, Concurs.

TAYLOR, Judge, Concurs and Files Separate Opinion.

TAYLOR, Judge, Concurring:

I concur with the result reached by the majority. However, I would affirm on the merits of the appeal of the Circuit Court's orders.