RENDERED: DECEMBER 9, 2022; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2021-CA-1285-MR

KATHERINE BETZ AND BRIAN
BETZ                                                                    APPELLANTS


                    APPEAL FROM CHRISTIAN CIRCUIT COURT
v.                  HONORABLE JOHN L. ATKINS, JUDGE
                    ACTION NO. 21-CI-00559


MITCHELL D. KAYE, MD, AND
MITCHELL D. KAYE, MD,
INDIVIDUALLY                                                            APPELLEES


OPINION
AFFIRMING

** ** ** ** **

BEFORE:  COMBS, McNEILL, AND K. THOMPSON, JUDGES.

McNEILL, JUDGE:  Katherine and Brian Betz ("Betzes") appeal from the

Christian Circuit Court's order dismissing their complaint for failure to comply

with KRS[1] 411.167, which requires that a certificate of merit be filed with the complaint in medical malpractice actions. Finding no error, we affirm.

On July 8, 2021, the Betzes filed a complaint against Mitchell D. Kaye, M.D., and his professional service corporation (collectively, "Dr. Kaye") alleging that Dr. Kaye negligently performed a bilateral breast reduction surgery on Katherine Betz resulting in severe necrosis and pain. Dr. Kaye moved for summary judgment, arguing the Betzes failed to file a certificate of merit with their complaint as required by KRS 411.167. Following a hearing, the trial court granted the motion and dismissed the complaint. This appeal followed.

Summary judgment is proper when the trial court determines that no genuine issues of material fact exist and the moving party is entitled to judgment as a matter of law. *Steelvest, Inc. v. Scansteel Serv. Ctr.*, 807 S.W.2d 476, 480 (Ky. 1991); CR[2] 56.03. Both the grant of summary judgment and issues of statutory interpretation and application present questions of law, which we review de novo. *Shelton v. Kentucky Easter Seals Soc'y, Inc.*, 413 S.W.3d 901, 905 (Ky. 2013) (summary judgment); *Adamson v. Adamson*, 635 S.W.3d 72, 77 (Ky. 2021) (statutory interpretation and application).

---

[1] Kentucky Revised Statutes.

[2] Kentucky Rules of Civil Procedure.

The Betzes make three arguments on appeal: (1) KRS 411.167 does not apply retroactively to their claims; (2) KRS 411.167 is unconstitutional; and (3) KRS 411.167(4) excuses them from filing a certificate of merit because their negligence claim does not require expert medical testimony. As an initial matter, we must first address the deficiency of the Betzes' appellate brief. Their argument section fails to make "reference to the record showing whether the issue was properly preserved for review and, if so, in what manner" as required by CR 76.12(4)(c)(v). We require a statement of preservation:

> so that we, the reviewing Court, can be confident the issue was properly presented to the trial court and therefore, is appropriate for our consideration. It also has a bearing on whether we employ the recognized standard of review, or in the case of an unpreserved error, whether palpable error review is being requested and may be granted.

*Oakley v. Oakley*, 391 S.W.3d 377, 380 (Ky. App. 2012).

"Our options when an appellate advocate fails to abide by the rules are: (1) to ignore the deficiency and proceed with the review; (2) to strike the brief or its offending portions, CR 76.12(8)(a); or (3) to review the issues raised in the brief for manifest injustice only[.]" *Hallis v. Hallis*, 328 S.W.3d 694, 696 (Ky. App. 2010) (citing *Elwell v. Stone*, 799 S.W.2d 46, 47 (Ky. App. 1990)). Because the record is small, and we have been able to determine whether their arguments

were properly preserved, we will ignore the deficiency and proceed with the review.

It is undisputed the Betzes did not file a certificate of merit as required by KRS 411.167. Instead, they argue the statute does not apply to their claims because Katherine was injured prior to its enactment. However, it is unclear this argument was preserved for our review because the recording of the summary judgment hearing held on October 6, 2021, is not part of the certified record on appeal. "It is the appellant's duty to present a complete record on appeal. Failure to show preservation of claims prohibits this Court's review of those claims." *Steel Techs., Inc. v. Congleton*, 234 S.W.3d 920, 926 (Ky. 2007), *abrogated by Osborne v. Keeney*, 399 S.W.3d 1 (Ky. 2012).

Similarly, the Betzes failed to properly notify the Attorney General of their constitutional challenges to KRS 411.167 rendering them unpreserved for our review. KRS 418.075(1) provides, in relevant part, that "[i]n any proceeding which involves the validity of a statute, the Attorney General of the state shall, *before judgment is entered*, be served with a copy of the petition, and shall be entitled to be heard . . . ." (Emphasis added.) Our Supreme Court has made it clear that "strict compliance with the notification provisions of KRS 418.075 is mandatory[.]" *Benet v. Commonwealth*, 253 S.W.3d 528, 532 (Ky. 2008) (citation omitted). Here, the only notification provided to the Attorney General was the

notice of appeal, *after* the entry of judgment. Therefore, the Betzes "failed fully and timely to comply with the strict rubric of KRS 418.075[.]" *Id.* Because they failed to notify the Attorney General of their constitutional challenges during the pendency of the trial court proceedings, we will not address them.

Finally, the Betzes argue that KRS 411.167(4) excuses them from filing a certificate of merit because their claim does not require expert medical testimony. KRS 411.167(4) provides that a certificate of merit is not required "where the claimant intends to rely solely on one (1) or more causes of action for which expert testimony is not required[.]" However, in such circumstances, the complaint must "be accompanied by an affidavit or declaration that no cause of action is asserted for which expert testimony is required." *Id.* Even assuming the Betzes' claim did not require expert medical testimony, their complaint was not accompanied by an affidavit or declaration to such effect. Therefore, the trial court did not err in dismissing their complaint for failure to comply with KRS 411.167.

Based upon the foregoing, the order of the Christian Circuit Court is affirmed.

COMBS, JUDGE, CONCURS.

THOMPSON, K., JUDGE, CONCURS IN RESULT ONLY.

BRIEF FOR APPELLANT:               BRIEF FOR APPELLEES:

Wm. Clint Prow                     Craig L. Johnson
Providence, Kentucky               Timothy B. George, Jr.
                                   Louisville, Kentucky