RENDERED:  DECEMBER 1, 2023; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2022-CA-1340-MR

FRANKLIN WOOD, JR.                                          APPELLANT


v.        APPEAL FROM JEFFERSON CIRCUIT COURT
          HONORABLE JESSICA E. GREEN, JUDGE
          ACTION NO. 20-CI-000484


DIANE L. VAN ARSDALE;                                      APPELLEES
DARRELL VAN ARSDALE;
DEBORAH L. MADDOX; KAREN
VAN ARSDALE; AND KENLIE LLC


OPINION
AFFIRMING

** ** ** ** **

BEFORE:  CETRULO, KAREM, AND McNEILL, JUDGES.

McNEILL, JUDGE:  Franklin Wood, Jr. ("Wood") appeals from the Jefferson

Circuit Court's order granting summary judgment in favor of appellee

homeowners[1] ("Homeowners") on his premises liability claim.  Finding no error,

we affirm.

---

[1] Appellees are Diane L. Van Arsdale, Darrell Van Arsdale, Deborah L. Maddox, Karen Van Arsdale, and Kenlie, LLC.

Homeowners inherited property at 4104 Hycliffe Avenue from their mother when she passed away in 2018. In preparation to sell the property, they hired Wood and his wife to paint portions of the home's interior. As Wood exited the house to get supplies, the porch handrail gave way and he fell, injuring his leg. The PVC pipe handrail had been installed sometime prior to March 23, 2013, to assist Homeowners' mother in entering and exiting the house.

Wood filed a complaint in Jefferson Circuit Court arguing Homeowners were negligent in failing to maintain the premises in a reasonably safe condition. Following discovery, Homeowners filed a motion for summary judgment, arguing that because Wood was an independent contractor, their duty was limited to warning of dangers or defects they had actual knowledge of, and they were unaware the railing was defective. Wood responded that he was an invitee and therefore Homeowners owed him a duty to discover the dangerous condition and either eliminate it or warn him of it. The trial court granted the motion and dismissed Wood's complaint.[2] This appeal followed.

"The standard of review on appeal of a summary judgment is whether the circuit judge correctly found that there were no issues as to any material fact and that the moving party was entitled to a judgment as a matter of law." *Pearson ex rel. Trent v. Nat'l Feeding Systems, Inc.*, 90 S.W.3d 46, 49 (Ky. 2002). "The

---

[2] Wood subsequently filed a motion to alter, amend, or vacate which was also denied.

reviewing court must construe all facts in favor of the nonmoving party and granting summary judgment is only appropriate when 'the movant shows that the adverse party could not prevail under any circumstances.'" *City of Versailles v. Johnson*, 636 S.W.3d 480, 483 (Ky. 2021) (quoting *Steelvest, Inc. v. Scansteel Serv. Ctr., Inc.*, 807 S.W.2d 476, 480 (Ky. 1991)). Further, the existence of a duty is a question of law, which we review *de novo*. *Bramlett v. Ryan*, 635 S.W.3d 831, 835 (Ky. 2021), *reh'g denied* (Dec. 16, 2021) (citation omitted).

As an initial matter, we must address the deficiency of Wood's appellate brief. His argument section fails to make "reference to the record showing whether the issue was properly preserved for review and, if so, in what manner" as required by RAP[3] 32(A)(4). We require a statement of preservation:

> so that we, the reviewing Court, can be confident the issue was properly presented to the trial court and therefore, is appropriate for our consideration. It also has a bearing on whether we employ the recognized standard of review, or in the case of an unpreserved error, whether palpable error review is being requested and may be granted.

*Oakley v. Oakley*, 391 S.W.3d 377, 380 (Ky. App. 2012).

"Our options when an appellate advocate fails to abide by the rules are: (1) to ignore the deficiency and proceed with the review; (2) to strike the brief or its offending portions, [RAP 31(H)(1)]; or (3) to review the issues raised in the

---

[3] Kentucky Rules of Appellate Procedure.

brief for manifest injustice only[.]" *Hallis v. Hallis*, 328 S.W.3d 694, 696 (Ky. App. 2010) (citing *Elwell v. Stone*, 799 S.W.2d 46, 47 (Ky. App. 1990)). Because the record is small, and we have been able to determine Wood's arguments were properly preserved, we will ignore the deficiency and proceed with the review.

Wood argues the trial court erred in granting summary judgment because Homeowners breached their duty of reasonable care owed to him as an invitee and issues of material fact preclude summary judgment. Here, the trial court determined Wood was an independent contractor, and thus Homeowners only had a duty to warn of hidden or latent defects about which they had actual knowledge. The court ruled there was no evidence Homeowners knew the handrail was defective and therefore Wood could not prove breach, and consequently negligence, as a matter of law.

On appeal, Wood does not challenge his status as an independent contractor but instead argues the trial court applied the wrong standard of care. Wood claims that, as an invitee, Homeowners owed him a "duty to . . . discover unreasonably dangerous conditions on the land and either eliminate or warn of them." *Shelton v. Kentucky Easter Seals Soc., Inc.*, 413 S.W.3d 901, 909 (Ky. 2013), *as corrected* (Nov. 25, 2013) (citation omitted). We disagree.

Under Kentucky law, "premises liability claims are treated differently when the plaintiff is an independent contractor as opposed to an ordinary business

-4-

invitee." *Dexter v. Hanks*, 577 S.W.3d 789, 795 (Ky. App. 2019) (citing

*Auslander Properties, LLC v. Nalley*, 558 S.W.3d 457 (Ky. 2018)). Our Supreme

Court recently reaffirmed the duty owed by landowners to independent contractors

in *Auslander*:

> In the context of a premises liability claim, a landowner
> is not liable to an independent contractor for injuries
> sustained from defects or dangers that the independent
> contractor knows or ought to know of. *Owens v. Clary*,
> 256 Ky. 44, 75 S.W.2d 536, 537 (Ky. 1934). Only when
> "the defect or danger is hidden and known to the owner,
> and neither known to the contractor, nor such as he ought
> to know," is the landowner liable for the contractor's
> injuries absent a warning. *Id.* at 537.

558 S.W.3d at 467 (footnote omitted).

Thus, while a landowner's duty to an invitee, generally, is "to

discover unreasonably dangerous conditions on the land and either eliminate or

warn of them[,]" *Shelton*, 413 S.W.3d at 909 (citation omitted), when the invitee is

an independent contractor, "the landowner only has a duty to warn of (1) hidden or

latent defects; (2) the landowner actually knows about; and (3) the contractor does

not or cannot discover himself." *Dexter*, 577 S.W.3d at 795 (citing *Auslander*, 558

S.W.3d at 467). Wood acknowledges the rule stated in *Auslander* and *Dexter* but

argues those cases are distinguishable. For instance, he claims the issue in

*Auslander* and *Dexter* was whether the plaintiff knew or should have known of the

dangerous condition, whereas, here, the issue is whether the defendant Homeowners knew or should have known of such.

This difference is immaterial as these are just two sides of the same coin. As noted above, a landowner is only liable to an independent contractor for defects both known to the landowner *and* unknown to the contractor. Both conditions are relevant to the question of liability. The trial court correctly identified the duty owed to Wood as an independent contractor as stated in *Auslander*, 558 S.W.3d 457.

Finally, Wood argues issues of fact preclude summary judgment specifically, whether Homeowners knew the PVC railing was defective or dangerous. We again disagree. "[Kentucky] precedent clearly establishes that actual – rather than constructive – knowledge of a hidden danger is required to establish a duty for a landowner to warn or take steps to protect an independent contractor and its employees." *Brewster v. Colgate-Palmolive Co.*, 279 S.W.3d 142, 148 (Ky. 2009) (citation omitted).

Darrell Van Arsdale testified the handrail "seemed to work fine," and that he "was not aware of any problems that [his mother] ever had with it" during the five-plus years it was in place. He also stated his mother-in-law used the handrail a few days prior to the incident with no issues. Wood has presented no evidence to dispute this testimony. "[A] party opposing a properly supported

summary judgment motion cannot defeat it without presenting at least some affirmative evidence showing that there is a genuine issue of material fact for trial." *Steelvest*, 807 S.W.2d at 482 (citations omitted).

Wood claims actual knowledge can be established by circumstantial evidence, citing *CertainTeed Corp. v. Dexter*, 330 S.W.3d 64, 81 (Ky. 2010). However, Wood has presented no circumstantial evidence Homeowners knew the railing was a hidden or latent defect. Instead, he argues Homeowners had actual knowledge the handrail was made of PVC pipe. But it cannot be assumed, as Wood seems to suggest, that a PVC handrail, by nature, is a hidden or latent defect. Considering the countervailing testimony that the railing had been used reliably the previous five years, including as recently as several days before the incident, that assumption was not sufficient. A party "cannot rely on their own claims or arguments without significant evidence in order to prevent a summary judgment." *Wymer v. JH Properties, Inc.*, 50 S.W.3d 195, 199 (Ky. 2001). We agree with the trial court that Wood failed to produce any evidence Homeowners were aware the PVC railing was a dangerous condition. As such, he could not establish Homeowners breached any duty as a matter of law, and summary judgment was proper.

Accordingly, the order of the Jefferson Circuit Court is affirmed.

ALL CONCUR.


BRIEFS FOR APPELLANT:     BRIEF FOR APPELLEES:

Steven R. Romines     Curt L. Sitlinger
Lawrence I. Young     Christopher D. Snead
Louisville, Kentucky     Louisville, Kentucky