RENDERED: OCTOBER 25, 2024; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2023-CA-0130-MR

ALEXANDER MALDONADO                           APPELLANT

v.          APPEAL FROM WARREN CIRCUIT COURT
HONORABLE STEVE ALAN WILSON, JUDGE
ACTION NOS. 20-CR-00374-001 AND 20-CR-00843

COMMONWEALTH OF KENTUCKY                     APPELLEE

OPINION
AFFIRMING

** ** ** ** **

BEFORE: THOMPSON, CHIEF JUDGE; ACREE AND L. JONES, JUDGES.

ACREE, JUDGE: Appellant, Alexander Maldonado, appeals *pro se* from the
Warren Circuit Court's denial of various post-conviction motions. We affirm.

Two indictments underlie this appeal. The first (No. 20-CR-00374-
001) related to an armed burglary of a private residence by Maldonado and two
other individuals. This resulted in Maldonado's indictment on charges of burglary
in the first degree, two counts of unlawful imprisonment in the first degree, two
counts of wanton endangerment in the first degree, and being a persistent felony

offender. Under the second indictment (No. 20-CR-00843), Maldonado was charged with assaulting an officer and being a persistent felony offender while incarcerated in the Warren County Regional Jail.

Maldonado entered an *Alford*[1] plea on September 10, 2020 to wanton endangerment in the first degree in No. 20-CR-00374-001 and to assault in the third degree in No. 20-CR-00843. In exchange, the Commonwealth agreed to recommend a five-year sentence on each count, to run concurrently. The Commonwealth also recommended all other charges be dismissed. Consistent with the Commonwealth's recommendation, the circuit court sentenced Maldonado to incarceration for five years on September 20, 2020.

Maldonado filed several post-conviction motions relief pursuant to CR[2] 60.02, CR 60.03, the Eighth Amendment, and the Fourteenth Amendment, seeking release due to risk of exposure to COVID-19 while incarcerated, and that his new sentence should not run consecutive to his previously paroled sentence. Only Maldonado's third post-conviction effort is before the Court.

That third effort sought relief pursuant to RCr[3] 11.42 and CR 60.02. He claimed his counsel provided ineffective assistance in his defense that

---

[1] *North Carolina v. Alford*, 400 U.S. 25, 91 S. Ct. 160, 27 L. Ed. 2d 162 (1970).

[2] Kentucky Rules of Civil Procedure.

[3] Kentucky Rules of Criminal Procedure.

amounted to a deprivation of his constitutional right to be represented by counsel. The circuit court denied these motions concluding Maldonado's assertion that he received ineffective assistance of counsel was baseless.

Maldonado now appeals. He argues the circuit court erred in determining his counsel's assistance was effective, and that he was entitled to an evidentiary hearing regarding that issue.

The Commonwealth directs our attention to deficiencies in Maldonado's brief and the fact it fails to conform with RAP[4] 32(A)(3) or (4). RAP 32(A) lists the required contents of an appellant's brief, including:

> (3) A **statement of the case** consisting of a summary of the facts and procedural events relevant and necessary to an understanding of the issues presented by the appeal, with ample references to the specific location in the record supporting each of the statements contained in the summary.
>
> (4) An **argument** conforming to the statement of points and authorities, with ample references to the specific location in the record and citations of authority pertinent to each issue of law and which shall contain at the beginning of the argument a statement with reference to the record showing whether the issue was properly preserved for review and, if so, in what manner.

RAP 32(A)(3) and (4) (emphasis in original).

---

[4] Kentucky Rules of Appellate Procedure.

We agree that Maldonado's brief fails to conform to RAP 32(A). Neither his statement of the case nor his arguments contain any citation to the record. Additionally, none of his arguments are prefaced with the statement of preservation RAP 32(A)(4) requires.

These are not trivial omissions. Without citation to the record, appellate courts cannot be sure a litigant's factual assertions are supported by any evidence of record. Neither can it be said with certainty that an appellant's specific arguments were first presented to the trial court for a ruling. "It is not the job of the appellate courts to scour the record in support of an appellant or cross-appellant's argument." *Dennis v. Fulkerson*, 343 S.W.3d 633, 637 (Ky. App. 2011) (citing *Smith v. Smith*, 235 S.W.3d 1, 5 (Ky. App. 2006)).

Additionally, failure to demonstrate how an argument is preserved is a serious defect. Strict compliance with this rule has been mandatory since its inception under RAP 32(A)(4)'s predecessor rule, CR 76.12(4)(c)(iv). *Gasaway v. Commonwealth*, 671 S.W.3d 298, 310 (Ky. 2023) (citation omitted); *see also Hallis v. Hallis*, 328 S.W.3d 694, 696 (Ky. App. 2010). The requirement facilitates efficient administration of justice and allows an appellate court to "be confident the issue was properly presented to the trial court and therefore, is appropriate for our consideration." *Oakley v. Oakley*, 391 S.W.3d 377, 380 (Ky. App. 2012). "It also has a bearing on whether we employ the recognized standard

of review, or in the case of an unpreserved error, whether palpable error review is being requested and may be granted." *Id.* This presumes palpable error review is sought, which he did not. *Shepherd v. Commonwealth*, 251 S.W.3d 309, 316 (Ky. 2008) (palpable error review must be requested and briefed). It would be "well within our discretion" to strike Maldonado's brief pursuant to RAP 31(H)(1) and dismiss the appeal. *Cotton v. Nat'l Collegiate Athletic Ass'n*, 587 S.W.3d 356, 360 (Ky. App. 2019).

Nevertheless, we did examine the record and determined one of Maldonado's six arguments before this Court appears in a motion before the circuit court. It is Maldonado's assertion his counsel was ineffective in investigating and in pursuing discovery, "concentrating, rather, on convincing [Maldonado] to accept a guilty plea." (Appellant's Br. 5.) His argument does not persuade us.

Maldonado's brief sets forth the duties of defense counsel by quoting numerous authorities. However, he fails entirely to explain how his counsel breached any of those duties. He simply claims that, "had reasonable defense been prepared . . . , there exists the reasonable probability of a different outcome." (Appellant's Br. 8.) Similarly, he claims his counsel failed to contact witnesses and cites cases indicating doing so is part of defense counsel's duty of reasonable investigation. However, he identifies no one whose testimony would support any defense to his charges. Instead, he simply says his "counsel failed to contact any

witnesses . . . ." (Appellant's Br. 9.) That is too vague to identify ineffective assistance.

None of his other arguments appears to have been presented to the circuit court. "[A]n appellant preserves for appellate review only those issues fairly brought to the attention of the trial court." *Elery v. Commonwealth*, 368 S.W.3d 78, 97 (Ky. 2012) (citation omitted). We, therefore, do not address them.

Finally, Maldonado was not entitled to an evidentiary hearing. His arguments reference nothing to support even the shadow of an averment with any possibility of leading a factual debate whether his counsel breached his duty. At best, his statement of facts "only made vague allegations" and we repeat that "RCr 11.42 motions are not intended to conduct further discovery or fishing expeditions. . . . [V]ague allegations, including those of failure to investigate, do not warrant an evidentiary hearing and warrant summary dismissal of the RCr 11.42 motion." *Prescott v. Commonwealth*, 572 S.W.3d 913, 926 (Ky. App. 2019) (internal quotation marks and citation omitted). The circuit court followed this rule.

In conclusion, our review of the circuit court record, which we were not required to undertake, confirmed that the majority of Maldonado's arguments are not preserved. Examining the arguments that we concluded were presented to

the circuit court demonstrated that it committed no error either in denying a hearing or denying the post-conviction relief Maldonado sought.

The circuit court's December 29, 2022 order is AFFIRMED.

ALL CONCUR.

BRIEF FOR APPELLANT:

Alexander Maldonado, *pro se*
LaGrange, Kentucky

BRIEF FOR APPELLEE:

Russell Coleman
Attorney General of Kentucky

Thomas A. Van De Rostyne
Assistant Attorney General
Frankfort, Kentucky