RENDERED:  DECEMBER 5, 2025; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2024-CA-1229-MR

ALEXANDRA PANARETOS                                                        APPELLANT


v.                        APPEAL FROM OLDHAM CIRCUIT COURT
                          HONORABLE JERRY CROSBY, II, JUDGE
                          ACTION NO. 23-CI-00207


VILLAS AT CLAYMONT SPRINGS
COMMUNITY ASSOCIATION, INC.                                              APPELLEE



OPINION
AFFIRMING

** ** ** ** **

BEFORE:  THOMPSON, CHIEF JUDGE; ACREE AND McNEILL, JUDGES.

McNEILL, JUDGE:  Alexandra Panaretos ("Panaretos") appeals from the Oldham

Circuit Court's order granting summary judgment in favor of the Villas at

Claymont Springs Community Association, Inc. ("Villas HOA").  Finding no

error, we affirm.

# BACKGROUND

Panaretos owns a home in the Villas at Claymont Springs subdivision ("the Villas") in Oldham County, Kentucky. The Villas is part of a larger development known as Claymont Springs, Section 1 ("Parent tract"). When the Parent tract was developed, its developer, Bramer-Ferriell-Stoess, LLC, filed a Declaration of Restrictions ("original restrictions") in the Oldham County Clerk's office. In 2016, a second developer, Claymont Springs Villas, LLC, purchased a portion of the Parent tract and subdivided it into the Villas. This developer filed additional restrictions (a document titled "Declaration of Covenants, Conditions and Restrictions") ("Villas restrictions") with the Oldham County Clerk's office pertaining specifically to the Villas.

The Villas restrictions prohibit homeowners from having their garbage cans outside, except after five p.m. on garbage collection day, after which they must be removed within a reasonable time (not to exceed ten hours). The Villas HOA became aware that Panaretos was storing her garbage cans on the side of her home, notified her that this was against the Villas restrictions, and asked that she move them inside. When Panaretos refused to comply, Villas HOA filed an action in Oldham Circuit Court seeking to permanently enjoin Panaretos from storing her garbage cans outside. Ultimately, Villas HOA moved for summary judgment on its claim, which was granted. This appeal followed.

## STANDARD OF REVIEW

"The standard of review on appeal of a summary judgment is whether the circuit judge correctly found that there were no issues as to any material fact and that the moving party was entitled to a judgment as a matter of law." *Pearson ex rel. Trent v. Nat'l Feeding Systems, Inc.*, 90 S.W.3d 46, 49 (Ky. 2002). Accordingly, we review a trial court's grant of summary judgment *de novo*. *Dolt, Thompson, Shepherd & Conway, P.S.C. v. Commonwealth ex rel. Landrum*, 607 S.W.3d 683, 686 (Ky. 2020) (citation omitted). Further, the "[i]nterpretation or construction of restrictive covenants is a question of law subject to *de novo* review on appeal." *Hensley v. Gadd*, 560 S.W.3d 516, 521 (Ky. 2018) (citation omitted).

## ANALYSIS

As an initial matter, Panaretos' brief does not comply with our Rules of Appellate Procedure ("RAP"). RAP 32(A)(4) requires an appellant's brief to contain "at the beginning of the argument a statement with reference to the record showing whether the issue was properly preserved for review and, if so, in what manner." Our rules require a preservation statement to assure the reviewing court that "the issue was properly presented to the trial court and therefore, is appropriate for our consideration." *Oakley v. Oakley*, 391 S.W.3d 377, 380 (Ky. App. 2012). When a party fails to abide by the Rules of Appellate Procedure, we may choose "(1) to ignore the deficiency and proceed with the review; (2) to strike the brief or

-3-

its offending portions . . . ; or (3) to review the issues raised in the brief for manifest injustice only[.]" *Hallis v. Hallis*, 328 S.W.3d 694, 696 (Ky. App. 2010) (citation omitted); *see also Ford v. Commonwealth*, 628 S.W.3d 147, 153-55 (Ky. 2021). At our discretion, we will disregard the deficiency and proceed with the review.

We would first note that Panaretos does not dispute that the Villas restrictions prohibit her from storing her garbage cans outside. Instead, she claims the Villas restrictions are invalid because the developer did not follow the proper procedure to amend or add to the original restrictions governing the Parent tract. Essentially, she argues the Villas developer had no authority to create new restrictive covenants.[1]

Panaretos relies on two provisions of the original restrictions to make her point. Page 12, paragraph 27 provides:

> During the first ten (10) years from date hereof, these restrictions may be altered or abolished by an agreement between the Developers and the owners of fifty-one percent (51%) of the total lots in the subdivision, (including those owned by the Developers), acknowledged and recorded as a Deed of Conveyance, and such alteration or abolition shall thereafter be binding upon all owners of the lots in the subdivision. After ten (10) years, any of the restrictions may be altered or abolished by the owners of fifty-one percent

---

[1] Implicit in Panaretos' argument is that property cannot be subject to more than one set of restrictive covenants, but she has cited no authority in support of this claim.

-4-

(51%) of the lots in the subdivision, acknowledged and recorded as here in above stated.

On the same page, paragraph 30 states:

The Developer's right of approval as stated herein shall not terminate upon the sale of all the lots in the subdivision, provided, however, that the Developer's reserve the right to assign any and all of their rights and responsibilities herein above stated including but not limited to, as discretionary authority associated with such right. The Homeowners' Association shall accept any and all responsibilities retained herein by the Developer upon assignment of same by the Developer."

Panaretos contends these two provisions prohibit the Villas developer from adding to the original restrictive covenants unless it (a) receives a release of the original developer's right of approval; (b) petitions the Parent tract's HOA and achieves a fifty-one percent (51%) agreement of all lot owners of the entire subdivision and properly files that recorded agreement; or (c) receives approval from the original developer.

We are unpersuaded by her argument. First, the Villas developer, as a subsequent purchaser of the land, arguably acquired all the rights and interests of the original developer via the conveyance. *See Your Community Bank, Inc. v. Woodlawn Springs Homeowners Association, Inc.*, 449 S.W.3d 357, 361 (Ky. 2014) (noting that "[t]he weight of authority instructs that even absent an express written assignment, subsequent owners may, in many instances, exercise the rights of an original or predecessor developer."). Regardless, the Villas developer did not

add to or amend the original restrictions governing the Parent tract. Instead, it created new restrictions applying only to the Villas development. The relevant question is whether it had the authority to do so. We hold that it did.

Restrictive covenants can be grouped into three broad categories: "(1) those created by a developer at the time the land in question is being subdivided; (2) those imposed by a grantor when selling a portion of his or her land; and (3) those agreed upon by owners of adjoining lands for their mutual benefit." *Black v. Birner*, 179 S.W.3d 873, 878 (Ky. App. 2005) (citing *Korn v. Campbell*, 85 N.E. 687, 689 (N.Y. 1908)). "The first class consists of those 'which are entered into with the design to carry out a general scheme for the improvement or development of real property.'" *Id.* (citing *Korn*, 85 N.E. at 689). "In this class, 'an owner of a large plot or tract of land divides it into building lots, to be sold to different purchasers for separate occupancy, by deeds which contain uniform covenants restricting the use which the several grantees may make of their premises.'" *Id.* (citing *Korn*, 85 N.E. at 689). "More recently, developers have adopted the practice of setting out the covenants in a single declaration that is recorded against the lots in the development before any conveyances are made. The declaration is then incorporated by reference in subsequent deeds to various lots." *Id.* (citation omitted).

The Villas restrictions fall into this first category. The Villas developer acquired a portion of the Parent tract and subdivided it. It then recorded the Villas restrictions in the Oldham County Clerk's office in 2017. The lots were then sold to purchasers, including Panaretos. As the developer, Claymont Springs Villas, LLC had the authority to create restrictive covenants for the benefit of the Villas property owners, and Panaretos purchased her property subject to those restrictive covenants. It is undisputed that Panaretos stores her garbage cans outside, and that doing so violates the Villas restrictions. Therefore, the circuit court did not err in granting summary judgment to the Villas HOA on its permanent injunction claim.

## CONCLUSION

Accordingly, the Oldham Circuit Court's order is affirmed.

ALL CONCUR.

| BRIEF FOR APPELLANT: | BRIEF FOR APPELLEE: |
|---|---|
| Kyle T. Thompson | Richard V. Hornung |
| Frankfort, Kentucky | William A. Merrifield |
| | Andrew R. Hornung |
| | Louisville, Kentucky |