RENDERED:  APRIL 3, 2026; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2025-CA-0592-ME

SOUFIANE FAJJAJI                                        APPELLANT


                     APPEAL FROM JEFFERSON CIRCUIT COURT

v.                               FAMILY DIVISION

                     HONORABLE BRYAN D. GATEWOOD, JUDGE

                     ACTION NO. 23-D-501104-003


JENNIFER FAJJAJI; A.F., A MINOR
CHILD; AND K.F., A MINOR CHILD                          APPELLEES


OPINION
AFFIRMING

** ** ** ** **

BEFORE:  CETRULO, A. JONES, AND TAYLOR, JUDGES.

JONES, A., JUDGE:  Soufiane Fajjaji ("Father") appeals from a domestic violence order ("DVO") entered by the Jefferson Circuit Court, Family Division, on behalf of the parties' two minor children.  After reviewing the record and the applicable law, we affirm.

## I. BACKGROUND

The parties, who were previously married, share two minor children:

K.F., born in 2017 ("Older Child"), and A.F., born in 2020 ("Younger Child").

On February 27, 2025, Father filed a petition for an emergency

protective order ("EPO") after observing injuries to Younger Child. The following

day, Mother filed her own petition seeking protection for the children based on

allegations that Father caused those injuries. The family court issued EPOs and

later scheduled the matter for an evidentiary hearing at which both petitions would

be considered together.[1] Prior to the hearing, the family court appointed attorney

Patrick Howerter to represent the children's interests.[2]

The family court conducted an evidentiary hearing on April 8, 2025.

The court heard testimony from Mother, Father, the children, Alexis Crockett, a

---

[1] Because both petitions involved the same parties and underlying allegations, the family court addressed them together during the evidentiary hearing. Father's petition, Jefferson Circuit Court No. 24-D-502345-003, was not included as part of the record on appeal. We reference it only to the extent necessary to provide procedural context.

[2] The family court referred to attorney Patrick Howerter as a "Friend of the Court" ("FOC"). However, Kentucky Revised Statutes ("KRS") 403.725 authorizes the appointment of a guardian *ad litem* ("GAL") to represent the interests of minor children in domestic violence proceedings. An FOC investigates and makes custodial recommendations on behalf of the court and is subject to cross-examination. *Morgan v. Getter*, 441 S.W.3d 94, 118-19 (Ky. 2014). A GAL "is a lawyer for the child, counseling the child and representing him or her in the course of proceedings by, among other things, engaging in discovery, in motion practice, and in presentation of the case at the final hearing." *Id.* at 119. The GAL "neither testifies (by filing a report or otherwise) nor is subject to cross-examination." *Id.* While Attorney Howerter may have served as an FOC in the family's on-going custody action, the record reflects that during the DVO hearing, he functioned as a GAL, questioning the children while they were under oath, and representing their interests at the hearing.

social worker with the Cabinet for Health and Family Services ("Cabinet"), and Shamelly Coto, assistant director of the children's daycare.

Father denied physically harming the children and testified that he first noticed the injuries to Younger Child and sought medical attention for him. Father maintained that Mother was responsible for the injuries, which she caused by hitting the child with a slipper.

Mother testified that when she picked up the children from Father, she observed injuries to Younger Child's face and ear. She stated that Younger Child later disclosed that Father had struck him and pulled his ear.

Ms. Crockett testified regarding the Cabinet's investigation. She stated that she interviewed both children and the parties and conducted home visits. According to Ms. Crockett, Younger Child initially stated that Mother caused the injury, but later reported that Father struck him.

Ms. Coto testified that she observed a red mark on Younger Child's ear while he was attending daycare. After asking him about the injury, Younger Child reported that Father had pulled him by the ear and struck him while he was in the shower. Ms. Coto reported the incident to the Cabinet.

The family court also interviewed the children in chambers with the GAL present. The court determined that both children understood the difference between telling the truth and lying and found them competent to testify. Younger

Child reported that Father struck him in the face, causing the injury to his eye, and that Father had pulled his ear. Younger Child also stated that Father frequently yelled at him and that he was afraid of Father. Older Child's testimony generally corroborated Younger Child's account and indicated that Father had acted aggressively toward the children.

Following the hearing, the family court entered a domestic violence order restraining Father from committing further acts of domestic violence and abuse and limiting his contact with the children except as authorized by the order. In an accompanying written order, the court found by a preponderance of the evidence that an act of domestic violence and abuse had occurred and may again occur. The court relied primarily on the testimony of the daycare employee, the Cabinet worker, and the children in reaching that determination.

This appeal followed.

## II. BRIEFING DEFICIENCIES

Father proceeds in this appeal *pro se*. While we afford *pro se* litigants some latitude, they are nevertheless required to comply with the Kentucky Rules of Appellate Procedure ("RAP"). *W.I.S. v. K.M.B.*, 722 S.W.3d 569 (Ky. App. 2025); *Koester v. Koester*, 569 S.W.3d 412, 415 (Ky. App. 2019); *Hallis v. Hallis*, 328 S.W.3d 694, 698 (Ky. App. 2010).

RAP 32 requires that an appellant's brief contain, among other things, ample references to the record supporting the statement of facts and a preservation statement at the beginning of each argument identifying where the issue was raised and ruled upon in the trial court. RAP 32(A)(3), (4).

Father's brief does not substantially comply with these requirements. The brief contains no citations to the certified record, and the argument section contains no preservation statements identifying where any alleged error was raised before the family court.[3] These omissions significantly impede appellate review because they prevent this Court from determining whether Father's claims were properly preserved and where the relevant facts may be located in the record.[4]

---

[3] In addition to the deficiencies discussed above, Father's brief contains several other violations of RAP 32. The brief does not comply with RAP 32(A)(2), which requires a statement of points and authorities identifying the authorities relied upon and the pages of the brief where those authorities are discussed. Father's brief lists issues but provides no corresponding authorities or page references. The argument section also contains only minimal citations to legal authority and includes assertions regarding matters outside the certified record and other proceedings not before this Court.

[4] Neither Mother nor the children's GAL filed an appellee brief in this appeal. When an appellee fails to file a brief, this Court may: (1) accept the appellant's statement of the facts and issues as correct; (2) reverse the judgment if the appellant's brief reasonably appears to sustain such action; or (3) regard the appellee's failure as a confession of error and reverse the judgment without considering the merits. RAP 31(H). In this case, however, the deficiencies in Father's brief, including the absence of citations to the record and the lack of preservation statements, make those remedies difficult to apply. While we do not condone the failure to file an appellee brief, particularly by the GAL appointed to represent the interests of the minor children, we decline to impose a penalty under these circumstances. As discussed below, we have elected to review this matter only for manifest injustice.

The purpose of the preservation requirement is to assure the reviewing court that "the issue was properly presented to the trial court and therefore, is appropriate for [appellate] consideration." *Cotton v. NCAA*, 587 S.W.3d 356, 360 (Ky. App. 2019) (quoting *Oakley v. Oakley*, 391 S.W.3d 377, 380 (Ky. App. 2012)). This requirement serves both procedural and substantive purposes, as the fact and manner of preservation generally determine the applicable standard of review. *Id.* It is neither the function nor the responsibility of an appellate court to scour the record to determine whether an issue has been preserved. *Phelps v. Louisville Water Co.*, 103 S.W.3d 46, 53 (Ky. 2003).

When an appellate advocate fails to comply with the briefing rules, this Court has several options, including striking the brief, dismissing the appeal, or, in the case of preservation errors, reviewing the appeal for manifest injustice. *Swan v. Gatewood*, 678 S.W.3d 463, 469 (Ky. App. 2023); *Roberts v. Bucci*, 218 S.W.3d 395, 396 (Ky. App. 2007). Because Father has failed to demonstrate that any of his claims were preserved, we review his appeal only for manifest injustice. *Ford v. Commonwealth*, 628 S.W.3d 147, 155 (Ky. 2021); *Mullins v. Appalachian Reg'l Healthcare, Inc.*, 707 S.W.3d 1, 6 (Ky. App. 2025). "Manifest injustice" is "error [that] so seriously affect[s] the fairness, integrity, or public reputation of the proceeding as to be 'shocking or jurisprudentially intolerable.'" *Miller v. Commonwealth*, 283 S.W.3d 690, 695 (Ky. 2009) (quoting *Martin v.*

*Commonwealth*, 207 S.W.3d 1, 4 (Ky. 2006)). Under this standard, relief is warranted only if the alleged error is clear and results in a substantial miscarriage of justice. *Id.*

### III. ANALYSIS

KRS 403.740(1) provides that a court may issue a domestic violence order if, after conducting a hearing in accordance with KRS 403.730, the "court finds by a preponderance of the evidence that domestic violence and abuse has occurred and may again occur." "Domestic violence and abuse" are defined as "physical injury, serious physical injury, stalking, sexual abuse, strangulation, assault, or the infliction of fear of imminent physical injury, serious physical injury, sexual abuse, strangulation, or assault between family members or members of an unmarried couple[.]" KRS 403.720(1); *see also Pettingill v. Pettingill*, 480 S.W.3d 920, 924-25 (Ky. 2015). "The preponderance of the evidence standard is satisfied when sufficient evidence establishes the alleged victim was more likely than not to have been a victim of domestic violence." *Johnston v. Johnston*, 639 S.W.3d 428, 431 (Ky. App. 2021) (quoting *Caudill v. Caudill*, 318 S.W.3d 112, 114 (Ky. App. 2010)).

Having reviewed the record, we discern no manifest injustice in the family court's decision. The family court primarily relied on the children's testimony, supported by Mother's and Ms. Coto's observations. Although the

children's accounts contained some inconsistencies, the family court ultimately determined that their testimony that Father caused Younger Child's injuries and frequently yelled at them without cause, causing them to fear further injury, was the most credible.

A family court operating as the finder of fact has broad discretion in evaluating witness testimony and may choose to believe or disbelieve any portion of the evidence presented. *Bailey v. Bailey*, 231 S.W.3d 793, 796 (Ky. App. 2007). These findings, in turn, supported the DVO's entry. Because the family court's findings were supported by the testimony presented at the hearing, and because Father has demonstrated no clear or fundamental error in the proceedings, we find no manifest injustice warranting reversal.

## IV. CONCLUSION

For the foregoing reasons, we affirm the order of the Jefferson Circuit Court, Family Division.

ALL CONCUR.

BRIEF FOR APPELLANT:                    NO BRIEF FOR APPELLEES.

Soufiane Fajjaji, *pro se*
Louisville, Kentucky

-8-